**In the Matter of BALDWIN–UNITED CORPORATION, D.H. Baldwin Company, et al., Debtors and Debtors in Possession.**

**Bankruptcy No. 1–83–02495.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Feb. 8, 1984.

Robert White, Linda Smith, O'Melveny & Myers, Los Angeles, Cal., for debtors.

## ORDER

(Expense Guidelines)

RANDALL J. NEWSOME, Bankruptcy Judge.

These Chapter 11 cases are before the Court pursuant to the debtors' submission of suggested guidelines and procedures for fees and expenses incurred by professionals and other persons entitled to compensation and reimbursement under 11 U.S.C. § 330 and Bankruptcy Rule 2016. These guidelines were first brought to the Court's attention during a status conference held on January 30 and 31, 1984, at which time counsel for the debtors represented that they were the product of much negotiation among the parties.

In addressing these guidelines, we reiterate the remarks expressed at the January conference: while the spirit of economy may no longer govern in the awarding of fees under the Code, it *will* govern as to expenses in these cases. The fact that these guidelines set forth maximum levels of expenditures for food and lodging in certain cities should not be read as an invitation to incur expenses to the limit. To the contrary, every effort should be made to keep expenses to a minimum. The Court does not wish to turn every fee hearing into something resembling the Spanish Inquisition. However, both the creditors and this Court are entitled to expect that common sense and reason prevail, particularly as to expenses. The guidelines should not be read as limiting this Court's discretion, particularly where it is apparent that common sense has been abandoned. In order to properly evaluate the propriety of expenses, a copy of all receipts for expenditures in excess of $25 must be attached to each applicant's expense report. To the extent that the guidelines impose no such requirement, they are hereby modified.

While the guidelines adequately cover the subject of interim fees, a few additional remarks are in order. The subject of Paragraph 1 of Exhibit A has been touched on by the Court during early status conferences. We would remind counsel that a brief description of the work performed is essential for this Court's evaluation of fees. Time records which merely note that a telephone call took place or that a confer-

ence was held will be deemed insufficient. At a minimum, time entries for conferences and telephone calls should identify who was spoken to and specify what was discussed. If research was performed, a description of the research should be given. Time entries for drafting documents should specify the document involved.

One final note: In *Northcross v. Board of Education of Memphis City Schools,* 611 F.2d 624, 637 (6th Cir.1979), the U.S. Court of Appeals for the Sixth Circuit held that litigants "should recover attorneys fees for the time spent litigating the fees issue itself." By implication, this holding appears to authorize compensation for time spent preparing fee applications, since such applications are essential to the process of deciding what fees are appropriate. If compensation for preparation of fee applications were disallowed, professionals would have little incentive to engage in a comprehensive review of the time expended and the value thereof. Concomitantly, the debtors would be deprived of any discount which might flow from a close scrutiny of the time performed.

Accordingly, time spent on preparing fee applications will be compensated, but the expected quid pro quo will be a reasonable discount for time which was unnecessarily expended, which was excessive under the particular circumstances or which otherwise cannot be charged to the debtors in good conscience. As the U.S. Supreme Court noted in a different context:

Counsel ... should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. 'In the private sector, "billing judgment" is an important component in fee setting. It is no less important here.'
*Hensley v. Eckerhart,* 461 U.S. 424, [434, 103 S.Ct. 1933, 1940] 76 L.Ed.2d 40, 51 (1983) (quoting *Copeland v. Marshall,* 641 F.2d 880, 891 (D.C.Cir.1980) (en banc))

In order to clearly indicate that appropriate billing judgment has been exercised, the Court suggests that all time expended on these cases be set forth in the application but that time not included in the fee calculation be specially designated.

Subject to the modification and other remarks set forth above, the Court hereby approves the debtors' suggested fee and expense guidelines and procedures.

IT IS SO ORDERED.