**In re Roger Lynn WALKER SS# 296–42–8490, Janice A. Walker SS# 296–44–9667, Debtor(s).**

**Bankruptcy No. 1–83–00285.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Jan. 11, 1985.

See also, Bkrtcy., 44 B.R. 1.

Jeffrey P. Harris, Cincinnati, Ohio, for trustee.

Carroll V. McKinney, Hillsboro, Ohio, for debtors.

## ORDER

BURTON PERLMAN, Bankruptcy Judge.

Application has been made in the above identified case for an attorneys fee of $1,250.20. The estate consists of the sum of $2,351.00. It arises from the sale of two vehicles for $1,275.00 and an income tax refund of $1,076.00. The vehicles were sold back to the debtors by the trustee.

The fee application submitted by the attorney for the trustee seeks compensation for 21.75 hours by various persons in the law office of the attorney for the trustee. (We note that the trustee is himself the attorney for the trustee, as permitted by statute and pursuant to Order of this Court.) The time records submitted indicate that the trustee himself devoted 4.25 hours of the total hours reported in the case. His time was consumed in the preparation of a complaint to avoid the lien on debtors' 1976 Dodge Pick Up Truck. Another member of the firm charged 2.5 hours in this litigation. Defendant in the case did not file an answer, and the trustee was granted a default judgment in the case. In the final report of the trustee, it is reported that such truck was sold for $275.00 to the debtor. (We note that the fee application also reports some 5.0 additional hours by other members of the firm regarding the sale of this vehicle. The time records also reflect 3.25 hours devoted to various aspects of the appointment of an auctioneer for the truck, which turned out not to be necessary.)

We are taking the unusual step of issuing a written order in this case because it is in our experience about as extreme a situation as we have encountered in the request of attorneys fees by a trustee serving as his own attorney. The assembling of the assets constituting this estate normally would occupy only a marginal amount of time by an experienced trustee. An experienced trustee would explore the avenue of a sale of assets of limited value to the debtors before considering a public sale and getting involved in the initiation of such a process. The submission of a request for compensation for the number of hours here indicated in connection with the sale of an asset for $275.00 is not acceptable.

Taking into consideration the traditional factors which enter into the award of attorneys fee, particularly the benefit to the estate by reason of an adversary proceeding resulting in an asset of the value of $275.00, we hold that the attorneys fee in this case is fixed at $100.00.

SO ORDERED.