In the Matter of George George VLAC-HOS aka George G. Vlachos dba Ace Amusement and Music Company, Debtor.

Bankruptcy No. 3–81–02533.

United States Bankruptcy Court, S.D. Ohio, W.D.

May 28, 1986.

Hugh R. Tankersley, Dayton, Ohio, for debtor.

Eugene A. Jablinski, Dayton, Ohio, Trustee.

**DECISION GRANTING THE TRUSTEE'S APPLICATION FOR APPOINTMENT AS COUNSEL FOR THE TRUSTEE NUNC PRO TUNC AND GRANTING IN PART AND DENYING IN PART THE AMENDED REQUESTS FOR COMPENSATION BY THE TRUSTEE AND THE ATTORNEY FOR THE TRUSTEE, AND DENYING COMPENSATION TO THE ATTORNEY FOR THE DEBTOR**

THOMAS F. WALDRON, Bankruptcy Judge.

This is a case arising under 28 U.S.C. § 1334(a) and having been referred to this

court is determined to be a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B) in which the trustee seeks compensation for his services as trustee and has also filed an amended application for professional services as attorney for the trustee. The attorney for the debtor has also filed an amended application for payment of counsel's fees from the assets of this estate.

At the time the final meeting was held in this case, the court noted the record did not contain an application and order authorizing the trustee to act as his own attorney. The court also raised specific concerns about the time records and requests for compensation submitted by the trustee, the attorney for the trustee, and the attorney for the debtor and heard oral arguments by these parties in support of their applications. The parties were granted time to submit amended documents or other pleadings in support of their applications. Thereafter, the trustee submitted a letter, the attorney for the debtor filed an amended summary of request for attorney fees and a supplemental memorandum, and the trustee filed an application requesting an order appointing him attorney for the trustee nunc pro tunc to the date of his appointment as trustee together with an amended application for attorney fees.

For the reasons set forth herein, the court grants the trustee's application to be appointed attorney for the trustee nunc pro tunc to the date of his appointment as trustee, grants in part and denies in part the application for compensation for the trustee, grants in part and denies in part the amended application for attorney fees for the attorney for the trustee, and denies the supplemental request for attorney fees for the attorney for the debtor.

## I. AWARD OF COMPENSATION FOR THE TRUSTEE

■ In this case the schedules filed indicated that all assets of the debtor were subject to security agreements and were without value for creditors of this estate. In an effort to realize some funds, the trustee filed a notice in which he proposed

to allow the debtor to continue operating the debtor's business, a vending machine company that had several locations, until the trustee could make a determination concerning the extent and validity of the alleged security agreements. No objections were filed to the trustee's proposed action; however, before any such operations commenced the debtor indicated to the trustee that he wished to continue the business and had a source of funds to reach an agreement with the secured lender. Thereafter, the trustee proposed a notice of sale under the terms of which the debtor would "purchase" the trustee's interest in the various locations where the debtor had vending machines located and would also purchase any interest the trustee had in any of the debtor's other assets at the time the bankruptcy petition was filed. Although a similar proposed sale filed earlier by the trustee was withdrawn after the secured lender filed an objection, no objections were filed in this instance and an order of sale was entered by the court. It can be fairly argued that, but for the trustee's efforts in this case, no assets would be available for distribution and the maximum compensation authorized by 11 U.S.C. § 326 should be paid to the trustee; however, there is a factor in this case that clouds the results of the trustee's efforts.

In both the underlying bankruptcy case and in a separate adversary case, *Shaffer Distributing Company v. BancOhio*, Adversary No. 3–81–0759 (hereinafter Shaffer), counsel for Shaffer Distributing Company continually alleged that the debtor had not disclosed the true nature of his debts and assets. Although filed as a complaint to deny discharge, the adversary proceeding filed by Shaffer contained six counts, 21 defendants, and allegations that should have caused the trustee to make further inquiry into the information supplied in the debtor's petition. More importantly, the record reveals that on several occasions the trustee failed to respond to requests for information sought by counsel for Shaffer. In fact, after failing to receive any information or response from the

trustee, a motion to remove the trustee was filed by Shaffer.

The record also reveals that the Bankruptcy Judge handling this case at that time wrote to the trustee, "In estate case No. *3–81–2533, Vlachos, debtor* etc., you failed to appear at the 10:30 a.m. hearing on Motion to remove you as Trustee and a hearing requesting that I stay decision on your Petition for sale." Memo dated May 16, 1983. Shaffer dismissed its motion for removal at approximately the same time it dismissed the adversary proceeding. All of this followed the trustee's first proposed sale.

Among the trustee's duties set forth in 11 U.S.C. § 704(7) is: "unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest." It appears that, at a minimum, this provision of the Code was not fully complied with by the trustee. While the court would not require a trustee who has filed appropriate interim reports to respond to every inquiry received from a party in interest, the court cannot allow repeated inquiries from counsel for a creditor to remain unanswered in a case, particularly when such failure to respond is coupled with the trustee's failure to appear at a hearing held by the court. The trustee's answer that "It was because I was not made a party to the adversarial that I did not appear at the Conference or Hearing called by the Judge" was not an adequate response to the Bankruptcy Judge at the time of the hearing and is not adequate today. This letter from the trustee dated October 28, 1985, is at best a questionable defense to his failure to appear at the hearing on the motion to remove and the record fails to contain any response filed by the trustee to the motion to remove or any written response to the creditor's request for information.

Accordingly the court reduces the proposed allowance to the trustee by the sum of fifty dollars ($50) and awards compensation to the trustee in this case in the amount of three hundred ninety-one dollars ($391).

## II. ORDER APPOINTING ATTORNEY FOR TRUSTEE NUNC PRO TUNC

A threshold question to be addressed by the court in this case is whether the court has authority to grant the application for the appointment of the Chapter 7 trustee as attorney for himself pursuant to 11 U.S.C. § 327 and approve compensation for legal services rendered pursuant to 11 U.S.C. § 330 when the trustee through inadvertence neglected to timely file his application and receive approval to act as attorney as required by Bankr.R. 2014 prior to rendering legal services. Several circuits have held such authority does not exist in the bankruptcy court or there is a *per se* rule against granting nunc pro tunc orders of appointment. *Futuronics Corporation v. Arutt, Nachamie & Benjamin (In re Futuronics Corporation)*, 655 F.2d 463, 469 (2d Cir.1981); *In re Calpa Products Company*, 411 F.2d 1373, 1374 (3rd Cir.1969); *Albers v. Dickinson*, 127 F.2d 957 (8th Cir.1942).

■ While there are cases in this district stating that bankruptcy courts lack the authority to approve an application such as the one presented herein, *In re Call*, 36 B.R. 374 (Bankr.S.D. Ohio 1984), this court holds that in the exercise of its equity powers, this court can, in proper circumstances, through the use of the legal fiction nunc pro tunc, approve compensation to an attorney for the trustee who had not received approval of the court prior to rendering legal services. This holding adopts the view on this issue expressed in *In re Tom's Variety and Hardware Inc.*, 30 B.R. 298 (Bankr.S.D. Ohio 1983) and is not inconsistent with the decision of the United States Sixth Circuit Court of Appeals in *Hunter Savings Association v. Baggott Law Offices Co., L.P.A. (In re Georgetown of Kettering, Ltd.)*, 750 F.2d 536 (6th Cir. 1984).

Among the courts that have adopted this position, is the Fifth Circuit Court of Appeals which held:

While equitable powers may permit nunc pro tunc appointment in rare or exceptional circumstances, we do not intend by our holding to encourage any general non-observance of the contemplated preemployment court approval. We only hold that, where through oversight the attorney has continued to perform services for the debtor/debtor in possession (many of them as here under the eye of the court itself), the bankruptcy court retains equitable power in the exercise of its sound discretion, under exceptional circumstances, to grant such approval nunc pro tunc, upon proper showing, and to award proper compensation for all or part of the services performed by such attorney that have subsequently benefited the debtor's estate and, consequently, its creditors.

*Fanelli v. Hensley (In re Triangle Chemicals, Inc.)*, 697 F.2d 1280, 1289 (5th Cir. 1983). *See also Cohen v. United States (In re Laurent Watch Co., Inc.)*, 539 F.2d 1231 (9th Cir.1976); *Stolkin v. Nachman (In re Stolkin)*, 472 F.2d 222 (7th Cir.1973); *In re Tinsley & Groom*, 49 B.R. 94 (Bankr. W.D.Ky.1985); Annot., 66 A.L.R.Fed. 250, 257 (1984) and (Supp.1985).

■ The court wishes to make clear in this opinion that while it rejects the position that counsel for the trustee is *per se* denied the opportunity to receive payment for legal services in the absence of an order approving appointment as counsel prior to the services being rendered, the application presenting such a request carries a greater burden for approval than would an application for payment of fees in a case where prior approval had been secured. *In re Willamette Timber Systems, Inc.*, 54 B.R. 485, 13 C.B.C.2d 1124 (Bankr. Or.1985).

The most obvious difference between the two situations is the issue of disclosure. In the instance where approval is obtained prior to the services being rendered, the record in the case contains an order of the court advising any creditors or interested parties that a claim for administrative expenses as a result of legal services to be rendered in the case will be made by counsel, specifically in connection with the potential assets and issues disclosed in connection with the application and the order approving employment of counsel. In the instance where prior court approval has not been obtained, the court has not had an opportunity to determine the necessity of the proposed services, nor have any creditors or interested parties had the opportunity to object to the appointment, and neither the court nor any creditors or interested parties have reason to anticipate that the distribution of any assets collected will be diminished by the payment of fees to an attorney for the trustee.

■ In the absence of any application for appointment as counsel and an order approving the specific or general nature of the legal services, even greater detail than usual must be provided by the applicant in connection with the request for approval and payment of legal services. The application must demonstrate: 1) the necessity of the legal services, 2) the exact time spent on legal services as distinguished from trustee services 3) the specific legal services performed, and 4) the benefit to the estate. While these requirements are an integral part of any application for the payment of legal fees, they are subject to greater scrutiny by the court in connection with an application for an order of appointment nunc pro tunc to guard against undisclosed appointment and services that might not have received judicial approval if originally requested and are more difficult for the court to properly evaluate and determine at the later stages in a case.

■ Finally and most significantly in connection with the application for the appointment of counsel nunc pro tunc for purposes of the payment of legal fees is the justification for such an order. As the Bankruptcy Appellate Panel for the Ninth Circuit recently stated "It is clear that there is no *right* to a *nunc pro tunc* order. ... Several courts have refused to find that negligence or mere inadvertance by an attorney to file for Section 327 approval constitutes an extraordinary situation that

would justify retroactive approval." (emphasis in original; citations omitted). *In re Kroeger Properties and Development, Inc.*, 57 B.R. 821, 822 (Bankr.App. Panel, 9th Cir.1986). Since the matter is within the court's discretion, inadvertence and excusable neglect can constitute a basis for granting such a motion. However, in order to prevail on the request for an order approving appointment nunc pro tunc: 1) the application must be one which would have been approved originally by the court, 2) evidence must appear in the record of the case which demonstrates that the court and other interested parties had actual knowledge of the legal services being rendered by the applicant, 3) an application seeking an order nunc pro tunc must be filed as soon as the matter is brought to the applicant's attention, and 4) a sustainable objection must not be filed to the applicant's request for attorney fees.

Obvious examples of the type of evidence that could appear in the record of a case would be adversary proceedings instituted or defended by the attorney for the trustee, motions or other pleadings filed by the trustee that required legal services in researching and drafting, appearing at hearings in connection with such motions or other pleadings, and appearing at pretrial conferences or trials. While the above examples are certainly not an exhaustive list, they are examples of evidence which would appear in the record of the case and would provide the court and other interested parties with actual knowledge that legal services were being rendered by the applicant, even though prior court approval had not been obtained for such services.

■ Applying the standards discussed above to the facts of this case, the record reveals that the applicant, separate from his appearances and filings as a trustee, prepared, drafted and filed under his law firm's name pleadings that contained opinions as to the validity of certain security agreements, the valuation of certain assets of the debtor, tax liabilities arising out of the proposed post-petition operation of the debtor's business, and other matters requiring legal services.

Accordingly, the court concludes that in this case 1) the application is one which would have been approved originally by the court, 2) the applicant has demonstrated through evidence in the record that the court and other interested parties had actual knowledge that legal services were being rendered by him, 3) as soon as the failure to obtain prior court authorization was brought to his attention the applicant filed a motion for appointment as attorney for the trustee nunc pro tunc, and 4) no objection was filed to the applicant's request for attorney fees.

Accordingly the application appointing the attorney for the trustee nunc pro tunc is granted.

### III. COMPENSATION FOR THE ATTORNEY FOR THE TRUSTEE

■ Having approved the appointment of counsel for the trustee, nunc pro tunc, the court now considers the difficult and vexatious issue of the proper amount of compensation to be awarded the attorney for the trustee. The court begins this analysis with the proposition that it would be as erroneous to award compensation at attorney rates for services that are duties of the trustee as it would be to fail to award compensation to a trustee who rendered services as an attorney separately from duties as a trustee. In the first instance the inequity would be in unjustly enriching the trustee at the expense of the estate's other claimants and in the second instance the inequity would be in unjustly enriching the estate at the expense of the attorney. While the above statement might appear to be mere tautology, it establishes a parameter for the court's decision in an area where there are often insufficient assets to satisfy all claimants and the court is typically called upon to balance competing claims to the already insufficient fund.

■ Another constantly present parameter to compensation for legal services is

established by the actual amount of funds available for distribution. While the award of compensation to the attorney for the trustee in a Chapter 7 case is often judged by many if not all of the criteria involved in similar fee setting in private practice, unlike private fee arrangements, in Chapter 7 trustee representation, there are no retainers, no minimum fee payments, no guarantees for reimbursement of costs and expenses of litigation, no devices to spread expenses from one case to another and no reasonable expectation that the client will return for future services. Additionally, payment is always contingent on assets being collected and subject to objection by parties who are not only unfamiliar with the services rendered, but also have an interest adverse to the payment of any fee. Finally, every award is subject to review and approval by the court which must recognize the various competing interests, including the unsecured creditors who seldom, if ever, actually appear in Chapter 7 proceedings.

While none of these factors individually or in combination has been sufficient to dissuade the active participation of highly skilled counsel in this field, they operate in every case to form the boundaries of any award for legal services and frequently carry the potential that counsel in bankruptcy proceedings may be inadequately compensated. Although it is neither the intent of the Bankruptcy Code [1] nor the desire of this court to fail to adequately compensate counsel in bankruptcy cases, it is often the reality.

The general principles governing the allowability of fees have frequently been set forth in opinions in this circuit [2] and are generally shared by other circuits.[3] They may be summarized as 1) the legal services rendered, 2) the difficulties or intricacies of the problem, 3) the skill and experience of counsel in similar cases, 4) the results accomplished, 5) the amount involved in connection with the services rendered, 6) the size of the estate, 7) the length of time consumed, 8) contingency or certainty of compensation, 9) the expeditious performance of legal services and 10) the professional quality of the services rendered. *In re Cle-Ware Industries, Inc.*, 493 F.2d at 869. *See generally* 2 *Collier On Bankruptcy* ¶ 330.05[2] (15th ed. 1986).

The greatest difficulty in fixing the amount of compensation to award for legal services arises from the relative weight to be given these factors based on the totality of the circumstances in the specific cases and an appropriate accommodation between the principles of adequate compensation to counsel and a distribution of assets from the estate to other claimants.

In order for counsel for the trustee to receive an award of compensation when that same person is also the trustee, great care must be taken in the presentation of the application for compensation.

[A]n attorney-trustee petitioning for payment carries the responsibility of carefully discriminating between those services strictly legal in nature and those which inhere in the office of the trustee....

1. "The legislative history of § 330 emphasizes that the factors no longer to be considered are the conservation of the estate and economy of administration (H.Rep. No. 95–595, p. 330, U.S. Code Cong. & Admin.News 1978, pp. 5758, 6286)." *In re Humbert*, 21 B.R. 489, 493 (Bankr. N.D. Ohio 1982), *aff'd*, 39 B.R. 643 (N.D. Ohio 1984), "The Bankruptcy Code, however, permits compensation competitive with other fields in order to attract bankruptcy specialists of high quality, thereby avoiding the 'bankruptcy haircut' resulting from the previous 'economy of administration' standard utilized under the Bankruptcy Act." *In re Liberal Market Inc.*, 24 B.R. 653, 657 (Bankr.S.D. Ohio 1982).

2. *Cle-Ware Industries, Inc. v. Sokolsky (In re Cle-Ware Industries, Inc.)*, 493 F.2d 863 (6th Cir. 1974); *In re Liberal Market Inc.*, 24 B.R. 653 (Bankr.S.D. Ohio 1982); *In re Humbert*, 21 B.R. 489 (Bankr.N.D. Ohio 1982), *aff'd*, 39 B.R. 643 (N.D. Ohio 1984); *In re Walker*, 51 B.R. 24 (Bankr.S.D. Ohio 1985).

3. *Harman v. Levin*, 772 F.2d 1150 (4th Cir.1985); *Yermakov v. Fitzsimmons (In re Yermakov)*, 718 F.2d 1465 (9th Cir.1983); *In re Grady*, 618 F.2d 19 (8th Cir.1980); *American Benefit Life Insurance Company v. Baddock (In re First Colonial Corp. of America)*, 544 F.2d 1291 (5th Cir.1977), *cert. denied*, 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977).

The very quality, however, which makes the attorney particularly qualified to act as trustee, unfortunately beclouds the matter of compensation.

*In re Red Cross Hospital Assoc., Inc.*, 18 B.R. 593, 594 (Bankr.W.D.Ky.1982); *accord In re Minton Group, Inc.*, 33 B.R. 38 (Bankr.S.D.N.Y.1983). *See also In re McAuley Textile Corp.*, 11 B.R. 646 (Bankr.D.Me.1981) (applying the trustee/attorney distinction in a Chapter 11 case). *See generally* 11 U.S.C. § 328(b), H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 329 (1977); S.Rep. No. 95–989, 95th Cong. 2nd Sess. 39 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

■ In order to properly evaluate and determine appropriate compensation the court will require all applications for compensation by counsel for the trustee when that person is also the trustee to include in the application submitted a listing of time spent and services rendered as the trustee separate from time spent and services rendered as attorney for the trustee.

■ Additionally, in order to properly evaluate the application for compensation a fee application "should document all services by itemized records which indicate the substance of tasks performed." *In re Liberal Market Inc.* at 658.

■ This court adopts the requirements set forth in *In re Baldwin-United Corporation*, 45 B.R. 381 (Bankr.S.D. Ohio 1984) which held:

We would remind counsel that a brief description of the work performed is essential for this Court's evaluation of fees. Time records which merely note that a telephone call took place or that a conference was held will be deemed insufficient. At a minimum, time entries for conferences and telephone calls should identify who was spoken to and specify what was discussed. If research was performed, a description of the research should be given. Time entries for drafting documents should specify the document involved.

One final note: *In Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624, 637 (6th Cir.1979), the U.S. Court of Appeals for the Sixth Circuit held that litigants "should recover attorneys fees for the time spent litigating the fees issue itself." By implication, this holding appears to authorize compensation for time spent preparing fee applications, since such applications are essential to the process of deciding what fees are appropriate. If compensation for preparation of fee applications were disallowed, professionals would have little incentive to engage in a comprehensive review of the time expended and the value thereof. Concomitantly, the debtors would be deprived of any discount which might flow from a close scrutiny of the time performed.

Accordingly, time spent on preparing fee applications will be compensated, but the expected quid pro quo will be a reasonable discount for time which was unnecessarily expended, which was excessive under the particular circumstances or which otherwise cannot be charged to the debtors in good conscience. As the U.S. Supreme Court noted in a different context:

Counsel ... should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. 'In the private sector, "billing judgment" is an important component in fee setting. It is no less important here.'

*Hensley v. Eckerhart*, 461 U.S. 424, [434, 103 S.Ct. 1933, 1940] 76 L.Ed 2d 40, 51 (1983) (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C.Cir. 1980) (en banc)).

*Id.* at 381, 382. *See also Cohen & Thiros, P.C. v. Keen Enterprises*, 44 B.R. 570 (N.D.Ind.1984).

Accordingly, applications for fees which do not contain the above required minimum information, or have not been amended to contain such information at the time the court reviews them, will be disallowed.

Applying the numerous criteria and competing principles to the amended petition for allowance of compensation to the attorney for the trustee the court finds neither the attorney for the trustee's arguments at the time of the court hearing on this matter nor the amended application filed delineated the trustee's time and services separately from the attorney for the trustee's time and services. Additionally, these applications failed to contain the specificity required to allow the court, any creditor or any interested party to evaluate items totaling five and nine-tenths (5.9) hours and accordingly these items are disallowed. *See* Appendix No. 1.

Therefore, the court awards compensation to the attorney for the trustee in the amount of one thousand three hundred fifty-one dollars and fifty cents ($1,351.50), together with long distance charges as expenses in the amount of one dollar and eighteen cents ($1.18) for a total award of one thousand three hundred fifty-two dollars and sixty-eight cents ($1,352.68).

## IV. COMPENSATION FOR ATTORNEY FOR THE DEBTOR

Although the application for compensation from assets of the estate by the attorney for the debtor is subject to the same requirements of necessity, reasonableness and detail previously discussed in this opinion, there is a fundamental distinction between an application for fees from the estate by an attorney for a debtor in a Chapter 7 case and an attorney for a debtor in a case under Chapter 11 or Chapter 13. While counsel for a debtor in any case under any chapter of the Bankruptcy Code has an obvious duty to their client, authority exists that the focus of that duty in a Chapter 7 case is to maximize the exempt property of their client (S.Rep. No. 989, 95th Cong., 2d Sess. 76 (1978); H.R.Rep. No. 595, 95th Cong., 1st Sess. 361 (1977); 3 *Collier on Bankruptcy* ¶ 522.08[4] at 522–41, 42 (15th ed. 1986) so that a minimum of the client's property is available to the trustee. Further, except for any reaffir-

mation and redemption agreements, counsel for the debtor in a Chapter 7 case has no concern for the payment of the obligations due creditors. In cases under Chapter 11 and 13, the focus of counsels' duty to their clients is to retain the property of the debtors and to provide for the payment of all or some portion of the obligations due creditors. While the differing focuses of counsels' duties to their clients are completely consistent with the Code provisions of the applicable chapters, there should be no reasonable expectation by counsel for the debtor in a Chapter 7 case that funds collected in an estate will be available for payment of the debtor's obligations for legal services. In order for the attorney for the debtor to receive any funds from assets otherwise available to claimants in a Chapter 7 case in addition to the requirements discussed earlier in this decision, the application must demonstrate that the services relate to the debtor's administrative responsibilities and are otherwise not capable of payment by the debtor. 2 *Collier on Bankruptcy* ¶ 330.04[3] at 330–18, 19 (15th ed. 1986). "Legal services which only benefit the debtor personally and which do not relate to the debtor's administrative responsibilities are generally not compensable out of the estate in a Chapter 7 case." *In re Rhoten*, 44 B.R. 741, 12 B.C.D. 561, 562 (Bankr.M.D.Tenn. 1984); *In re Howerton*, 23 B.R. 58 (Bankr. N.D.Tex.1982).

In this case the form captioned "Compensation by Attorney for the Bankrupt" filed by debtor's counsel states that the compensation paid for legal services in this bankruptcy is in the total amount of seven hundred fifty dollars ($750) and was paid by the wife of the debtor; however, the amended summary of request for attorney's fees states that the amount of one thousand dollars ($1,000) was paid as a retainer for the Chapter 7 proceeding. This discrepancy, among other mathematical inconsistencies, remains unexplained.

Counsel asserts that his defense of the adversary proceeding filed by Shaffer Distributing Company (Adversary No. 3–81–0759) was "a key and essential

step" in obtaining funds in this bankruptcy case. The *Shaffer* adversary was an action to deny the debtor's discharge and determine the debt to Shaffer to be an exception to any discharge, if granted. The court believes that requiring creditors to bear the expense of a debtor's defense to allegations that the debtor should be denied a discharge or that a certain debt should be an exception to a discharge is not supported by either the language or the policy of the Bankruptcy Code. As the court stated in *In re Epstein*, 39 B.R. 938, 11 B.C.D. 1280 (Bankr.D.N.M.1984):

> The goal of all bankruptcy legislation is to achieve a just and equitable distribution of the estate to the creditors and to relieve the honest debtor of his debts, giving him a fresh start. Paying from the estate the attorneys fees of a dishonest debtor, or one whose honesty is legitimately open to question unnecessarily favors the fresh start over the distribution to creditors. Every dollar paid administratively is a dollar less paid to the general creditors. The creditors are already financing the debtor's fresh start through their loss; it hardly seems equitable for them to finance the debtor's attempt to prove he is worthy of discharge.

*Id.* 39 B.R. 938, 11 B.C.D. at 1281–82 (citations omitted).

The congressional concern that a meritless dischargeability action would be brought against a debtor for an unjustified reason such as forcing a settlement, was addressed by the enactment of 11 U.S.C. § 523(d) which specifically provides for sanctions against a party bringing such an action.

To the extent the adversary proceeding involved assets of the estate, the matter should have been one of concern to the trustee or his attorney; however, debtor's counsel's assertions to the contrary, the relief sought was against the debtor personally and did not involve the performance of administrative responsibilities. Accordingly, the claim of ninety-two and eight tenths (92.8) hours at seventy-five dollars ($75) per hour is not compensable from estate assets.

This decision does not determine that counsel for the debtor is not entitled to compensation for his valuable services rendered in this regard to the debtor. It merely determines that assets collected in this estate are not a proper source for such payment. Additionally, there is no evidence to suggest that the debtor is not otherwise able to compensate counsel for these services.

█ Of the twenty-one and one half (21.5) hours characterized by counsel as "expended for the bankruptcy estate," eight (8) appear as "preparation of Vlachos taxes" which would be either a personal as opposed to administrative responsibility of the debtor, or possibly a duty of the trustee or his counsel, and in either event not a proper item of compensation from estate funds to the attorney for the debtor.

█ This leaves a claim of thirteen (13) hours at seventy-five dollars ($75) for a total of nine hundred seventy-five dollars ($975) which could qualify for payment from estate funds. This amount, however, is less than the one thousand dollar ($1,000) amount paid by the debtor to counsel and for which counsel cannot seek duplicate payment from this estate.

█ One additional item should be noted in connection with this application which would be applicable to all applications for compensation pursuant to 11 U.S.C. § 330. It relates to counsel for the debtor's claim that "records of time spent by other attorneys ... are not available any longer." As the district court for the Northern District of Indiana stated concerning similar arguments in *Cohen & Thiros, P.C.:*

> These assertions do not negate the court's need for accurate and detailed time records. Common sense and the case law suggest that attorneys are foolish to dispose of their records before they receive their compensation. (citation omitted) ... [T]he bankruptcy court sits as a guardian of the funds available to creditors. It is not an abuse of discretion for the court to thoroughly examine fee petitions. Indeed it could be an abuse of discretion to fail to challenge

an insufficient petition: "It is the [bankruptcy] court's independent obligation to give credit only where there are ... supporting documents, even in cases where no interested parties raise objections to the claim."

*Id.* at 573–75 (citations omitted). *Accord In re Consolidated Bancshares, Inc.,* 785 F.2d 1249 (5th Cir.1986).

Accordingly, the amended summary of request for attorney fees for counsel for the debtor is DENIED and no fees are to be paid to counsel for the debtor from funds of this estate.

### APPENDIX NO. 1

| | |
|---|---|
| Attendance 341 Meeting | .2 |
| Telephone conference supplier re payment | .2 |
| Preparation for meeting with debtor; report; | .4 |
| Conference with debtor re information concerning location; | .6 |
| Telephone conference prospective purchaser; | .2 |
| Meeting with Goldflies re sale of business | .9 |
| Report; | .1 |
| Prepared petition for sale; report; | .6 |
| Checked at Common Pleas Clerk's office re amount of money on deposit with Clerk; | .4 |
| Telephone conference with Court re meeting with Judge; | .2 |
| Letter to insurance company re value of insurance; letter to Attorney Tankersley; letter to Judge Kerr; | .9 |
| Telephone conference Carol Carlson at First National re their security; | .2 |
| Telephone Ohio Bureau of Employment Compensation re bankruptcy; | .2 |
| Telephone conference accountant re income tax; | .2 |
| Telephone conference Attorney Tankersley; | .2 |
| Telephone conference with deputy re order to show cause; | .2 |
| Telephone conference Luther Hacker of IRS re filing proof of claim; | .2 |
| | 5.9 |