### In re RIVERVIEW FINANCIAL SERVICES, INC., Debtor.

**Bankruptcy No. 86–04567–R.**

United States Bankruptcy Court, E.D. Michigan, S.D.

Nov. 24, 1986.

Michael Traison, Detroit, Mich., for debtor.

Steven Howell, Detroit, Mich., for trustee.

### AMENDED ORDER REQUIRING DEBTOR'S ATTORNEYS TO RETURN EXCESSIVE ATTORNEY FEE PAYMENT TO THE TRUSTEE

STEVEN W. RHODES, Bankruptcy Judge.

### I.

With its Chapter 7 petition, the debtor filed a statement by its attorneys disclosing that the attorneys had been paid $10,000 in fees. Because this fee is unusually high, the Court entered an order for the examination of this fee and scheduled a hearing. In response, the debtor's counsel filed an application for interim fees and expenses, seeking compensation in the amount of $12,604 for 112.9 hours of service during the time period from September 1, 1986, through October 21, 1986. Counsel also seeks reimbursement of expenses in the amount of $103.20.

The issue arises pursuant to 11 U.S.C. § 329 which provides:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services,

the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—

(1) the estate, if the property transferred—

(A) would have been property of the estate; or

(B) was to be paid by or on behalf of the debtor under a plan under chapter 11 or 13 of this title; or

(2) the entity that made such payment.

Thus, the issue before the Court is whether the $10,000 fee which the debtor's attorneys have received "exceeds the reasonable value" of the services which the debtor's attorneys might be expected to perform in this case.

*See also* Rule 2017(a), which provides:

(a) Payment or Transfer to Attorney Before Commencement of Case. On motion by any party in interest or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property by the debtor, made directly or indirectly and in contemplation of the filing of a petition under the Code by or against the debtor, to an attorney for services rendered or to be rendered is excessive.

## II.

In reviewing this issue, the Court is guided by the prior case law, especially in this district. In *In the Matter of Nu-Process Industries, Inc.*, 13 B.R. 136 (Bankr.E.D. Mich.1981),[1] Chief Judge Brody reviewed the reasonableness of a $3,500 fee which had been paid to the debtor's attorney. Initially, Judge Brody observed that the size of the fee was of little concern to the debtor, because it came from assets which would normally be consumed in distribution. Thus, he noted that the need for judicial scrutiny of the legal fees paid to the debtor's attorney was self-evident. Specifically, Judge Brody held:

An attorney for the debtor is entitled to compensation for analyzing the debtor's financial condition; rendering advice and assistance to the debtor in determining whether to file a petition in bankruptcy; the actual preparation and filing of the petition, schedules of assets and liabilities, and the statement of affairs; and representing the debtor at the 341 meeting of creditors. *Id.* at 138.

However, it was also noted that much of the attorney's work in *Nu-Process* was clerical or in the nature of accountant's work. In any event, it was further noted that the performance of such services for a business may present additional problems requiring additional legal services and that therefore a greater fee might be justified.

After reviewing the circumstances of that particular case, Judge Brody ordered the debtor's attorney to turn over to the trustee the compensation in excess of $1,500, which he concluded was a reasonable fee in the circumstances. The debtor's counsel had submitted time sheets indicating that 39 hours of services had been rendered, 15 of which were spent in preparing the schedules for filing.

Judge Brody rejected the attorney's contention that this time was necessary because the company's books were in disarray, concluding that posting books and deriving information from them is the work of a clerk, bookkeeper, or accountant. In this regard, Judge Brody noted that the debtor's attorney is entitled to compensation only for legal services performed in connection with the filing of a petition, and not for work which a clerk can do more cheaply, if not better.

In conclusion, Judge Brody noted that there were no unusual or complex problems in the case, and that counsel merely had to decide whether to file a voluntary petition, to draft the schedule and statement of affairs, and to attend the 341 meeting of creditors. Thus he concluded that the reasonable fee for such services would be $1,500.

*In the Matter of Olen*, 15 B.R. 750 (Bankr.E.D.Mich.1981), Judge Brody was

---

**1.** This decision was affirmed on appeal in an extensive opinion by District Judge Anna Diggs-Taylor entered on April 9, 1982, *In the Matter of* *Nu-Process Industries, Inc.* (Civil Action No. 81–72679).

presented with essentially the same issue although in an individual Chapter 7 case. The debtor's counsel had disclosed a fee of $2500, but Judge Brody required the attorney to turn over to the trustee the fees received in excess of $850, which he found was the reasonable fee in the circumstances.

*In the Matter of J.J. Bradley & Co., Inc.,* 6 B.R. 529 (Bankr.E.D.N.Y.1980), the court held that a fee of $25,000 for a business Chapter 7 filing was excessive, and required the debtor's attorney to return the fees in excess of $5,000. The court's opinion is a lengthy review of the attorney's work in the case, but it can be fairly summarized to hold that counsel is entitled to reasonable compensation for counseling the debtor as to whether to file bankruptcy, for preparing the petition and schedules, and for representing the debtor at the meeting of creditors.

### III.

After reviewing the facts and circumstances surrounding this filing, the court is left with the definite and firm conviction that the attorney fee received by the debtor's attorneys in this case is excessive. The debtor was a finance company which purchased commercial paper at a discount, and which made small loans to consumers. The Chapter 7 petition was filed on September 15, 1986, indicating assets of $1.4 million and liabilities of $4.3 million, approximately. The matrix of creditors discloses approximately 180 creditors.

On September 25, 1986, the debtor filed a statement of financial affairs and schedules of assets and liabilities.

Counsel's time sheets indicate that in the time period through September 15, 1986, when the petition was filed, approximately 46 hours of services were rendered in determining whether to file a bankruptcy, in deciding which chapter of the Bankruptcy Code to proceed under, and in preparing the petition and schedules. From that time through September 25, 1986, when the schedules were filed, these time sheets reflect an additional 28 hours, approximately,

in answering inquiries, and in finalizing these schedules. The balance of 39 hours was apparently spent in the time period after the schedules were filed through October 21, 1986 when the application for fees was filed, for such services as reviewing claims, considering the abandonment of an asset, preparing for and attending the meeting of creditors, answering further inquiries, participating in the procedures involving the trustee's motion to retain a collections agent, amending the schedules, and preparing the fee application and responding to the order for examination.

The Court must conclude that the $10,000 retainer received by the debtor's attorneys is excessive, in light of the prior case law and its review of the facts and circumstances of this case. Assuming that counsel's time sheets are accurate, which the Court has no reason to doubt, it is simply beyond the realm of reasonableness that the debtor's attorneys spent 112.9 hours in counseling the debtor whether to file a bankruptcy petition, in deciding whether to proceed under Chapter 7 or Chapter 11, in preparing the petition, statement of affairs, and schedules, and in preparing for and attending the Section 341 meeting of creditors. In this regard, it must be noted that any services performed by the debtor's attorneys on any other matters are simply not compensable out of the estate. *See: In the Matter of Nu-Process Industries, Inc.;* and *In the Matter of Olen.*

A review of the schedules and the statement of financial affairs indicates nothing complex or unusual about this case. In fact, the list of creditors is composed of Exhibits 1–5, separated according to different categories of claims, and these exhibits appear to have been prepared by the debtor or its accountants, not by the debtor's counsel. As noted above, this was entirely proper, but it raises a substantial question as to what the debtor's attorneys did in rendering 74 hours of legal services in the time period before September 25, 1986, when these schedules were filed.

In these circumstances, the Court concludes that a reasonable fee for the services rendered by the debtor's attorneys through the first meeting of creditors

would be $4,000. The Court has reviewed the expenses for which debtor's counsel seeks reimbursement, in the amount of $103.20 for the filing fee and for photocopies, and concludes that this is appropriate. Accordingly, the Court will require the debtor's attorneys to turn over to the trustee the sum of $5,896.80 representing the difference between the $10,000 retainer and the fees and expenses approved herein.

The Court recognizes that in light of the firm's approximate average hourly billing rate of $112 per hour, this means that the debtor's attorneys are being compensated for only 36 hours of work, approximately. Nevertheless, the Court concludes that the debtor's attorneys could have and should have performed all of the necessary legal services for which compensation may be paid in connection with this business Chapter 7 within those 36 hours.

For the same reasons, counsel's application for interim fees is granted to the extent of $4,000 and for expenses in the full amount requested, but is denied to any further extent.