827 F.2d 770
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Donald Merlin LUCAS, Debtor,
Ernest L. OLIVARES, Plaintiff-Appellant,
v.
Donald Merlin LUCAS, Defendant-Appellee.
 No. 86-1468.
 United States Court of Appeals, Sixth Circuit.
 Aug. 28, 1987.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Ernest L. Olivares ("appellant") appeals the decision of the Bankruptcy Court reducing the attorney's fees he retained in a chapter 13 bankruptcy proceeding from $3,600 to $1,500. The Bankruptcy Court for the Western District of Michigan found that the Bankruptcy Code and Rules required a refund of attorney's fees to the debtor, Donald Merlin Lucas ("the Debtor"). The District Court for the Western District of Michigan held that the Bankruptcy Court had not abused its discretion in ordering a refund and affirmed that court's decision. For the reasons stated below, we affirm.
 
 
 2
 Appellant is an attorney who represented the Debtor in a Chapter 13 proceeding filed immediately prior to the time that the Debtor's creditors were going to foreclose on his motel. The Debtor wished to stall the foreclosure so that he could find a buyer for the motel. Appellant represented the Debtor at a creditors' meeting in April of 1981 and filed a plan pursuant to Chapter 13. Under the plan, the Debtor was to work in the woods and raise his room rents in order to pay the arrearages due. Appellant claims that at the confirmation hearing before the Bankruptcy Court, an attorney fee agreement was reached in which the Debtor was to pay appellant a total of $3,600. In June of 1981, appellant submitted a second amended plan for the Debtor. In July and August of 1981, appellant made several trips to Iron Mountain to meet with prospective buyers. He also made a trip at the demand of the Debtor to convince a creditor to hold off on the foreclosure. The bankruptcy judge dismissed the Chapter 13 petition on October 13, 1981.
 
 
 3
 At some point during the proceedings, the Debtor was able to borrow $3,600. The Debtor claims that this sum was to be used to fund the plan in part, but appellant applied it to the payment of his fees. In March of 1982, the Debtor sent a letter to the Bankruptcy Court objecting to the fees retained by appellant. The court treated the letter as a motion and held a hearing regarding the fees charged. On April 23, 1982, the bankruptcy judge issued an opinion reducing the fees to $1,500 and ordering appellant to return the difference. The court held that:
 
 
 4
 I am satisfied from the evidence that perhaps one trip to Iron Mountain may have been necessary for attorney Olivares to properly understand the Debtor's situation, and that the trip to Houghton, since it was made at the Debtor's request, should also be allowed; however, the remainder of the trips to Iron Mountain by attorney Olivares were hardly necessary, nor were they beneficial to the estate, and in the Court's mind should be disallowed. Likewise, the two hours spent conferring with attorney Stephen Johnson may not be charged to the Debtor since they represent a learning and/or educational process which is properly a part of the overhead of each attorney. I am further reducing the allowance for the time spent in attending the meeting of creditors by two hours.
 
 
 5
 Joint Appendix at 18. Appellant filed a motion for reconsideration but the court affirmed its prior decision. Appellant then filed a notice of appeal to the District Court for the Western District of Michigan. The District Court affirmed the decision of the Bankruptcy Court, holding that the court's decision was not contrary to law or fact. Appellant appeals this decision.
 
 
 6
 The Bankruptcy Code provides that a bankruptcy court shall examine the Debtor's transactions with attorneys. It states:
 
 
 7
 (a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of and in connection with the case by such attorney, and the source of such compensation.
 
 
 8
 (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive....
 
 
 9
 11 U.S.C. Sec. 329. In addition, former Bankruptcy Rule of Procedure 219(c)(1) provided:
 
 
 10
 General: The compensation allowable by the court to a trustee, receiver, marshal, attorney, accountant, or other person entitled to compensation for services rendered in the administration of a bankrupt estate shall be reasonable, and in making allowances, the court shall give due consideration to the nature, extent, and value of the services rendered as well as to the conservation of the estate and the interests of creditors.
 
 
 11
 Subsection (c)(3) provided further that "[c]ompensation may be allowed an attorney or an accountant only for professional services."[1] A bankruptcy court therefore has discretion to consider the fees paid or to be paid to an attorney and, if it deems necessary, reduce the amount of such fees.
 
 
 12
 Appellant claims that: 1) the decision of the Bankruptcy Court was contrary to both law and fact; 2) the court construed the Bankruptcy Code and Rules in an inconsistent manner; 3) the Debtor's letter contained inconsistent and questionable assertions that were not addressed by the court; 4) the court disregarded crucial credibility issues; and 5) appellant's request for a rehearing was erroneously denied. We find appellant's claims to be without merit. The Bankruptcy Court, pursuant to section 329 and Rule 219, found that many of the services rendered by appellant were unnecessary and it therefore disallowed some of the fees retained by appellant. The court was not obligated to conduct a trial on the issue of attorney's fees, nor was it required to hold a hearing on appellant's motion for reconsideration. The court clearly had discretion to proceed as it did and its decision was not contrary to law. Furthermore, "[j]udicial determination under 11 U.S.C. Sec. 329 is largely a factual inquiry made on a case-by-case basis." In re Swartout, 20 B.R. 102, 105 (Bankr.S.D.Ohio 1982) (citing In re Olen, 15 B.R. 750, 752 (Bankr.E.D.Mich.1981)). A bankruptcy court's award of attorney's fees will not be disturbed on appeal absent an abuse of discretion or an erroneous application of law. See Southwestern Media, Inc. v. Rau, 708 F.2d 419, 422 (9th Cir.1983). In the case before us, the Bankruptcy Court's decision was supported by the evidence. Only one of appellant's trips was made at the Debtor's request. In fact, appellant appears to have travelled to see the Debtor although the Debtor indicated that he did not wish to see appellant. Appellant admitted on a time sheet submitted to the court that the "Debtor does not have a full grasp of the actual situation in which he finds himself, and more often than not, he balks at seeing me...." Joint Appendix at 4. In addition, time spent conferring with another attorney could reasonably be found to be an educational process that is part of an attorney's overhead costs.
 
 
 13
 Regarding the trips to Iron Mountain, the Bankruptcy Court found that "[selling the motel] had little or nothing to do with effective representation of the Debtor in the Bankruptcy Court" and it disallowed the fees relating to the trips. Joint Appendix at 17. Although it may be argued that the sale of the Debtor's motel was the reason for filing a Chapter 13 petition, the court's disallowance of fees relating to the sale is in accordance with the interpretation given section 329. Compensation of a debtor's attorney is subject to strict scrutiny. "[L]egal services for matters unrelated to the ultimate bankruptcy proceeding should not be compensated as a priority expense if the services were not directly connected with the bankruptcy proceeding." In re Swartout, 20 B.R. at 106 (emphasis added). In an often quoted opinion, the Bankruptcy Court for the Eastern District of Michigan stated that:
 
 
 14
 [a]n attorney for the debtor is entitled to compensation for analyzing the debtor's financial condition; rendering advice and assistance to the debtor in determining whether to file a petition in bankruptcy; the actual preparation and filing of the petition, schedules of assets and liabilities, and the statement of affairs; and representing the debtor at the Section 341 meeting of the creditors.
 
 
 15
 In re Olen, 15 B.R. 750, 752 (Bankr.E.D.Mich.1981) (citing In re Kross, 96 F. 816 (S.D.N.Y.1899)). See also In re Riverview Fin. Serv., Inc., 67 B.R. 714, 716 (Bankr.E.D.Mich.1986).
 
 
 16
 We find that the case before this Court is analogous to In re Swartout, in which the debtor was forced into bankruptcy because his spouse, from whom he was separated, failed to pay the debts of the franchise they owned together. 20 B.R. at 102. The attorney in that case represented the debtor in the divorce proceedings, which involved a decision regarding debt settlement, and in the bankruptcy proceeding. The court held that "the strategies used in Debtor's divorce proceeding were affected by the contemplated bankruptcy proceeding. The divorce proceeding itself, however, is separable, and not 'connected with' the case at bar as contemplated in 11 U.S.C. Sec. 329(a)." Id. at 106. In the case before us, appellant acted as a real estate agent in attempting to sell the Debtor's property. Although it was a motive for filing under Chapter 13, the prospective sale of Debtor's motel was not directly connected to the bankruptcy proceeding. The plan filed did not include any statement regarding the sale of the motel, but in fact anticipated that appellant would raise the room rents in order to make his mortgage payments. In accordance with the strict interpretation given the attorney's fees provisions, the Bankruptcy Court found that the fees relating to appellant's trips to Iron Mountain for the purpose of selling the motel must be disallowed. We affirm.
 
 
 
 [1]
 Rule 219 has been replaced by Bankruptcy Rules 2016 and 2017