**In re Roger Lee WHITE, Barbara Sue White, Debtors.**

**Bankruptcy No. 94–32119(3)7.**

United States Bankruptcy Court, W.D. Kentucky.

April 1, 1996.

Steven M. George, Louisville, KY, for Debtors.

William W. Lawrence, Trustee, Louisville, KY.

### MEMORANDUM

DAVID T. STOSBERG, Bankruptcy Judge.

This case comes before the Court on the Motion of Stephen M. George, attorney for Debtors, for Approval of Attorney's Fee as Administrative Expense. According to the bankruptcy petition and Mr. George's Motion, the Debtors agreed to pay Mr. George a total fee of $600 for services rendered in this Chapter 7 case. In addition, Mr. George advanced the filing fee of $160. Presumably the Debtors have failed to fulfill their agreement to pay Mr. George his fee.

This case is an asset case, real property having been sold by the Trustee. It appears from the file that there will be sufficient sums in the estate to pay Mr. George's fee. The question is whether a debtor's attorney

---

in a Chapter 7 case is entitled to receive his fee out of assets generated for the benefit of the estate. The issue under the Bankruptcy Code is specifically, whether the services of the debtor's attorney "benefitted the estate." 11 U.S.C. § 330.

This case was filed prior to the effective date of the 1994 Reform Act, which amended the Bankruptcy Code. We look to the state of the law prior to the effective date of the amendments. The case law prior to the Reform Act analyzes the question of awarding attorney fees in Chapter 7 cases in terms of "benefit to the estate." *See In re Towery,* 53 B.R. 76, 78 (Bankr.W.D.Ky.1985); 2 *Collier on Bankruptcy* § 330.05 at 330–43 (1995).

█ The majority of courts addressing this question hold that the debtor's attorney is entitled to a legal fee out of estate assets for assisting the debtors in performing their "administrative responsibilities." *See In re Ewing,* 167 B.R. 233, 235 (Bankr.D.N.M. 1994); *In re Bennett,* 133 B.R. 374, 378 (Bankr.N.D.Tex.1991); *In re Leff,* 88 B.R. 105, 108 (Bankr.N.D.Tex.1988); *In re Brady,* 20 B.R. 936, 938 (Bankr.N.D.Ohio 1982); *In re Schaeffer,* 71 B.R. 559, 560–61 (Bankr. S.D.Ohio 1987); *In re Riverview Financial Services, Inc.,* 67 B.R. 714, 715 (Bankr. E.D.Mich.1986); and *In re Vlachos,* 61 B.R. 473, 482 (Bankr.S.D.Ohio 1986). This includes giving advice regarding bankruptcy, preparation and filing of the petition, and preparing for and representing the debtor at the meeting of creditors. *Id.* To recover from the estate for any other services, the attorney must demonstrate the benefit conferred upon the estate by his or her services. *Id.* We note that at least two courts required a further demonstration that the debtors are not capable of paying the fees in questions. *See Vlachos* and *Schaeffer, supra.*

█ Mr. George did not file time entries describing the work he performed in this case. From what the Court is able to glean from the file, Mr. George's services consisted of advising the Debtors on bankruptcy, preparing and filing the bankruptcy petition, attending the 341 meeting of creditors, and signing and filing one reaffirmation agreement on behalf of the Debtors. These duties are clearly part of a debtor's "administrative responsibilities" which are compensable out of the estate. Since Mr. George has not detailed his time entries, the Court finds $500 to be a reasonable fee for this type of case, which amount is commensurate with the range of fees normally charged in this District in Chapter 7 cases. Further, the Court will award Mr. George the filing fee he expended on behalf of the Debtors in the amount of $160.

The Debtors have claimed a total exemption of $12,000 in the real estate sold by the Trustee and presumably will receive some money from the Trustee out of the sale proceeds. The Court questions the good faith of the Debtors in failing to pay Mr. George his agreed upon fee out of the money they will receive from their exemption. Payment of Mr. George's fee from their exempt funds would not hinder the Debtors' fresh start as contemplated by the Bankruptcy Code.

█ The Court hereby notifies counsel in Chapter 7 cases that in order to receive estate funds, time entries need to be filed indicating that the work was done to assist the debtor in his administrative responsibilities as outlined above. Further, the attorney should include a certification to the Court that the Debtors are unable to pay the attorney fee requested.

An Order has been entered this same date awarding Stephen M. George an attorney fee of $500 and reimbursement of expenses in the sum of $160, to be paid by the Trustee out of the estate, provided monies are available.