In the Matter of The **MANSFIELD TIRE & RUBBER COMPANY**, Pennsylvania Tire & Rubber Company of Mississippi, Inc., Pennsylvania Tire Company, Debtors.

Bankruptcy Nos. 679–01238, 679–01239 and 679–01333.

United States Bankruptcy Court, N. D. Ohio.

May 7, 1981.

See also 19 B.R. 124.

Joseph Patchan, Susan B. Collins, Baker & Hostetler, Cleveland, Ohio, for all three applicants (debtors & debtors in possession).

Ronald N. Towne, Guy, Mentzer & Towne, Akron, Ohio, for Creditors' Committee of The Mansfield Tire & Rubber Co.

Richard L. Phillips, Benesch, Friedlander, Coplan & Aronoff, and Howard L. Sokolsky, Nadler, Sokolsky, Bahas & Balantzow Co., L.P.A., Cleveland, Ohio, for Creditors' Committee of Pennsylvania Tire & Rubber Co. of Mississippi, Inc.

John R. Lee, Securities & Exchange Commission, Chicago, Illinois, for Securities & Exchange Commission.

Joel B. Zweibel, Gelberg & Abrams, New York City, and Richard A. Princic, Day, Ketterer, Raley, Wright & Rybolt, Canton, Ohio, for Equitable Life Assur. Soc. and Aetna Life Ins. Co.

JAMES H. WILLIAMS, Bankruptcy Judge.

Baker & Hostetler, as counsel for debtor and debtor in possession in each of the subject reorganization cases, filed in this court under Chapter 11 of Title 11 of the United States Code, has filed an application in each of said cases for the allowance of interim compensation and reimbursement of expenses.

Relief was sought on behalf of The Mansfield Tire & Rubber Company (hereinafter MTR) and Pennsylvania Tire & Rubber Company of Mississippi, Inc. (hereinafter Penn-Miss) on October 1, 1979, the effective date of the Bankruptcy Reform Act of 1978. Thereafter, on November 1, 1979, Pennsylvania Tire Company (hereinafter Penn-Ohio), another fully-owned subsidiary of MTR, filed a petition for reorganization under Chapter 11.

Since the filing of the petitions, the debtors have continued in the operation of their businesses and management of their properties pursuant to 11 U.S.C. §§ 1107(a) & 1108, although, for all intents and purposes, both the manufacturing and sales activities of all of the corporations have ceased and the debtors appear to be essentially in a posture of liquidation, the major ongoing activity being the prosecution of approximately 200 actions to collect accounts receivable, many of which are substantial in dollar amount and have been countered by equally substantial claims arising out of breach of warranty, defective workmanship, failure of correct adjustments and credits and a host of other defenses and counterclaims. Additionally, the debtors' physical assets are being offered for sale.

The subject applications are, of course, filed pursuant to 11 U.S.C. § 331:

§ 331. Interim Compensation

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once

every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

Each of these applications was met by objections, both written and oral and a hearing was conducted, on notice, on each.

The applicant seeks a total of $455,400.00 in compensation for services rendered through August 31, 1980 in the three cases, and a total of $9,850.76 in reimbursement of expenses through December 31, 1980.

As the Securities and Exchange Commission notes in its objections to the applications, it appears that over 5,000 hours of time has been invested on behalf of the debtor corporation by some forty-one attorneys and, in addition, five paralegals have expended 408 hours during the period encompassed by the applications. Hourly billing rates range from $35.00 per hour for paralegals to $125.00 per hour for partners. An analysis of the time claimed, the hourly billing rates and the composite rates charged by the applicant in each case is as follows:

MRT

| | | | |
|---|---|---|---|
| Partner Time: | 1418.25 hours | $125.00/hour | $177,281.25 |
| Associate Time: | 1472.50 hours | $ 80.00/hour | 117,800.00 |
| Paralegal Time: | 212 hours | $ 35.00/hour | 7,420.00 |
| | | | $302,501.25 |

Composite Rate: $\frac{\$302,501.25}{3103 \text{ hrs.}} = \$97.49/hour$

Penn–Miss

| | | | |
|---|---|---|---|
| Partner Time: | 605.75 hours | $125.00/hour | $ 75,718.75 |
| Associate Time: | 595.00 hours | $ 80.00/hour | 47,600.00 |
| Paralegal Time: | 128.50 hours | $ 35.00/hour | 4,497.50 |
| | | | $127,816.25 |

Composite Rate: $\frac{\$127,816.25}{1328.25 \text{ hrs.}} = \$96.22/hour$

Penn–Ohio

| | | | |
|---|---|---|---|
| Partner Time: | 380.75 hours | $125.00/hour | $ 47,593.75 |
| Associate Time: | 753.25 hours | $ 80.00/hour | 60,260.00 |
| Paralegal Time: | 67.25 hours | $ 35.00/hour | 2,353.75 |
| | | | $110,207.50 |

Composite Rate: $\frac{\$110,207.50}{1201.25 \text{ hrs.}} = \$91.74/hour$

The essential purpose of 11 U.S.C. § 331 is, of course, to relieve counsel and others from the burden of "financing" lengthy and complex efforts leading to the conclusion of bankruptcy proceedings, especially corporate reorganizations such as were the subject cases, at least at their inception. Indeed, these cases are graphic illustrations of the wide variety and substantial number of problems which may arise which require the specialized abilities, in many instances, of numerous individuals.

However, the court is also of the opinion that one of the most significant factors in its determination of an ultimate award of compensation will be the results attained, obviously something that cannot be determined at this juncture. In these same cases, and others before it, the court has rather consistently held that the interim compensation process will be used to relieve the economic burden on counsel only and leave to the conclusion of the proceeding a determination of a final award when all factors may be considered in their proper perspective.

The court therefore, in Case No. 679–01238, The Mansfield Tire & Rubber Company will grant interim compensation in the amount of $140,000.00 together with reimbursement of expenses in the requested amount of $5,963.82; in Case No. 679–01239, Pennsylvania Tire Company of Mississippi, Inc., the court will grant interim compensation in the amount of $60,000.00 and reimbursement of expenses in the amount requested of $2,009.79; and in Case No. 679–01333, Pennsylvania Tire Company, the court makes no award of interim compensation, the sum of $85,000.00 having been paid to the applicant at the outset of the proceeding. The court will, in the Penn–Ohio case, award the requested amount of $1,877.15 in reimbursement of expenses.