### In the Matter of UNION CARTAGE COMPANY, Debtor.

### Bankruptcy No. B82–00356–Y.

United States Bankruptcy Court, N.D. Ohio.

Jan. 3, 1986.

---

## MEMORANDUM OPINION

WILLIAM T. BODOH, Bankruptcy Judge.

This cause came on for consideration on the final Motion for Allowance of Fees for legal services and expenses incurred by James H. Beck, Esq., and the firm of Beck & Vaughn as counsel for the Debtor-in-Possession. Counsel has attached to its Motion detailed recitations of the services and expenses on behalf of Debtor-in-Possession from June 6, 1985 through December 19, 1985, for which allowance is sought. In addition, the Application makes reference to prior applications and allowances of the Court for fees and expenses, the dates and amounts of which are somewhat at odds with the Court's records. No other documentary evidence was presented nor was testimony offered, other than representa-

tions of counsel for the Debtor-in-Possession. Counsel also requests allowance of a premium in addition to the fees requested on the basis of the Debtor's successful reorganization and for counsel's efforts in connection therewith.

Upon a review of the documents in the Court's file and upon consideration of representations of counsel for the Debtor-in-Possession, the Court finds:

1. Debtor's Petition was filed March 15, 1982.

2. On March 30, 1982, an Order was entered appointing James H. Beck, Esq., and the firm of Beck & Vaughn as counsel for the Debtor-in-Possession, and they have served in that capacity throughout this case.

3. On May 26, 1982, the Debtor's statement of business affairs and schedules were filed showing assets in the amount of One Hundred Thousand Dollars ($100,000.00) and total liabilities in the amount of One Hundred Forty-One Thousand Dollars ($141,-000.00).

4. On July 20, 1982, counsel for the Debtor-in-Possession filed an Application for the Interim Allowance of Fees in the amount of Seven Thousand, Four Hundred Ninety-Seven Dollars ($7,497.00) and expenses of Two Hundred Twenty-Six & 13/100 Dollars ($226.13). On August 3, 1982, an Order was entered allowing the sum of Six Thousand, Nine Hundred Ninety-Seven Dollars ($6,997.00) in attorneys' fees and Two Hundred Twenty-Six & 13/100 Dollars ($226.13) in expenses.

5. On December 28, 1982, counsel for Debtor-in-Possession filed a second request for the interim allowance of fees in the amount of Three Thousand, One Hundred Seventy-Nine & 50/100 Dollars ($3,179.50) and expenses of Sixty-Seven & 73/100 Dollars ($67.73). On January 18, 1983, an Order was entered allowing fees in the amount of Two Thousand, One Hundred Fifty Dollars ($2,150.00) and expenses of Sixty-Seven & 73/100 Dollars ($67.73).

6. On July 17, 1983, counsel for Debtor-in-Possession applied for a third interim allowance of fees in the amount of One Thousand, Seven Hundred Five Dollars ($1,705.00) and expenses of Fifty-Two & 84/100 Dollars ($52.84). On August 9, 1983, an Order was entered allowing fees on that Application in the amount of One Thousand, Two Hundred Fifty Dollars ($1,250.00) and expenses of Fifty-Two & 84/100 Dollars ($52.84).

7. On November 1, 1983, counsel for Debtor-in-Possession filed an Application for a fourth Interim Allowance of Fees in the amount of Four Thousand, Seventy-Seven Dollars ($4,077.00) and expenses of One Hundred Twenty-Six & 05/100 Dollars ($126.05). On November 22, 1983, an Order was entered allowing the fees and expenses as requested.

8. On March 13, 1984, counsel for Debtor-in-Possession filed an Application for the fifth Interim Allowance of Fees in the amount of Six Thousand, Eight Hundred Forty-Five Dollars ($6,845.00) and expenses of One Hundred Twelve & 82/100 Dollars ($112.82). On April 3, 1984, an Order was entered allowing the sum of Five Thousand, Eight Hundred Forty-Five Dollars ($5,845.00) and expenses in the amount of One Hundred Twelve & 82/100 Dollars ($112.82).

9. On August 8, 1984, counsel for Debtor-in-Possession filed its sixth Application for the Interim Allowance of Fees in the amount of Three Thousand, Six Hundred Sixty Dollars ($3,660.00) and for reimbursement of expenses in the amount of One Hundred Thirty-Two & 85/100 Dollars ($132.85). On September 4, 1984, an Order was entered allowing the sum of Three Thousand, Two Hundred Dollars ($3,200.00) in attorneys' fees and reimbursement of expenses in the sum of One Hundred Thirty-Two & 85/100 Dollars ($132.85).

10. On July 11, 1985, counsel for the Debtor-in-Possession filed a seventh Application for the Interim Allowance

of Fees in the amount of Three Thousand, Five Hundred Thirty-Two & 50/100 Dollars ($3,532.50) and for reimbursement of expenses in the amount of One Hundred Ninety-Five & 97/100 Dollars ($195.97). On August 5, 1985, an Order was entered allowing the full sum of Three Thousand, Four Hundred Twenty-Two & 50/100 Dollars ($3,422.50) in attorneys' fees and One Hundred Ninety-Five & 97/100 Dollars ($195.97) in reimbursement of expenses. The difference between the amount of legal fees sought and the amount allowed was reconciled due to an error in addition.

11. To date, the Court has allowed counsel for the Debtor-in-Possession interim fees in the sum of Twenty-Six Thousand, Nine Hundred Forty-One & 50/100 Dollars ($26,941.50), plus reimbursement of all claimed expenses.

12. The Court has previously allowed attorneys' fees to the firm of Baker & Hostetler as special counsel, for legal services over and above those of counsel for the Debtor-in-Possession, in the amount of Ten Thousand, Eight Hundred Ninety-Five & 50/100 Dollars ($10,895.50).

13. On December 11, 1985, counsel for Debtor-in-Possession filed an Application for allowance of fees for legal services for the period June 6, 1985 to December 19, 1985, in the amount of Six Thousand, One Hundred Dollars ($6,100.00); for reimbursement of expenses in the sum of One Hundred Seventy-Eight & 91/100 Dollars ($178.91); and for the allowance of further fees previously applied for, the allowance of which was deferred by the Court in consideration of previous interim fee applications in the corrected amount of Three Thousand, Four Hundred Forty-Four & 50/100 Dollars ($3,444.50). Of the claimed expenses of One Hundred Seventy-Eight & 91/100 Dollars ($178.91) in the latest Application, the sum of One Hundred Forty-Four & 75/100 Dollars ($144.75) was specifically represented by counsel for the Debtor-in-Possession as being for copying charges at the rate of Twenty-Five Cents ($.25) per copy.

■ The factors to be considered in determining the reasonableness of attorneys' fees in bankruptcy cases was announced in *In re First Colonial Corp.,* 544 F.2d 1291 (5th Cir.1977), cert. den., sub nom *Braddock v. American Ben. Life Ins. Co.,* 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977). With only one exception, those factors continue to control under the Bankruptcy Code. *In re Sapolin Paints, Inc.,* 38 B.R. 807; 10 C.B.C.2d 833 (Bankr.E.D. N.Y.1984). Counsel for Debtor-in-Possession has generally complied with the requirements of a narrative, detailed statement of services rendered, time expended, expenses incurred and the amount requested. *In re Nation-Ruskin, Inc.,* 22 B.R. 207 (Bankr.E.D.P.A.1982). In considering interim allowances of compensation, the courts in the Northern District of Ohio have adopted the nearly-universal practice of holding back a percentage of fees requested in interim applications, subject to *de novo* review. *In re Mansfield Tire & Rubber Co.,* 19 B.R. 125 (Bankr.N.D.Ohio 1981). In the *Mansfield Tire* case, the Court noted that it is appropriate to analyze the final results of a case before allowing final fee awards. It should also be noted that in consideration of fee allowances, the courts are not compelled to award fees as requested merely because no objection to the request is filed. *In re Four Star Terminals, Inc.,* 42 B.R. 419 (Bankr.D.Alaska, 1984); *In re Liberal Market, Inc.,* 24 B.R. 653 (Bankr.S.D.Ohio, 1982); *In re Hamilton Hardware Co., Inc.,* 11 B.R. 326 (Bankr.E.D.Mich.1981).

■ The determining of reasonable attorneys' fees in a bankruptcy proceeding requires following a three-step process. *In re First Colonial Corp. of America,* 544 F.2d at 1299–1300. The Court must first ascertain the nature and extent of services supplied and must require each attorney seeking compensation to file a statement which recites the number of hours worked

and a description of how each of those hours was spent. *In re Meade Land & Development Co.*, 527 F.2d 280, 283–84 (3rd Cir.1975). If there are disputed issues, an evidentiary hearing must be held. *Perkins v. Standard Oil Co.*, 399 U.S. 222, 223, 90 S.Ct. 1989, 1990, 26 L.Ed.2d 534 (1970). Once the nature and extent of services is determined, the Court must assess the value of the services. No expert evidence is required (although if offered, it should be accepted) for the reason that bankruptcy judges are deemed to be both familiar with fees charged by the legal profession and experienced in gauging the quality of legal work. When these steps are completed and the amount of compensation determined to be reasonable has been found, the Court must briefly explain its findings and the reasons upon which the award is based. *In re First Colonial Corp. of America*, 544 F.2d at 1300.

■ The Court should be mindful that not all services should carry the same compensation. Lower rates should be allowed for non-legal matters, such as the routine filing of documents with the Court. (*In re Sapolin Paints, Inc.*, 38 B.R. at 811) or the review of fee applications (*Rose Pass Mines, Inc. v. Howard*, 615 F.2d 1088 (5th Cir.1980)). The fact that an experienced attorney elects to perform routine ministerial services which could be performed by others far less experienced does not increase the value and should not increase the cost to the estate for these services. *Cle-Ware Industries, Inc. v. Sokolsky*, 493 F.2d 863, 877–878 (6th Cir.1974); cert. den., 419 U.S. 829, 95 S.Ct. 50, 42 L.Ed.2d 53 (1974); *In re Dee's Resort Ware, Inc.*, 25 B.R. 591 (Bankr.M.D.Fla.1982); *In re Underground Utilities Construction Co.*, 13 B.R. 735 (Bankr.S.D.Fla.1981). A *reasonable* compensation for time spent reviewing counsel's fee applications has been allowed by some courts, although the practice is far from universal. *In re Tolan*, 41 B.R. 751 (Bankr.M.D.Tenn.1984); Contra, *Matter of Georgetown of Kettering, Ltd.*, 28 B.R. 120 (Bankr.S.D.Ohio 1983). Detailed daily time records are required to be kept by counsel. The decisions put the burden of proof on

the applicant in the application for attorneys' fees, requiring such fee applications to be both complete and appropriately descriptive. This makes the task, in part, more than mere clerical preparation of the statement. To the extent that an attorney's time is required in the review of statements prepared by clerical staff, this Court believes such review time to be properly compensable in reasonable amounts. Some Courts have disallowed copying charges as an unreimbursable expense. *In re Horn & Hardart Baking Co.*, 30 B.R. 938 (Bankr.E.D.Pa.1983). However, the noticing requirements placed on attorneys by Bankruptcy Rule 2002 and other similar requirements can saddle counsel with substantial expenses for copying and postage. The actual cost of photocopying will ordinarily be allowed by this Court. In lieu of documentation of actual costs, the sum of Twenty Cents ($.20) per page will ordinarily be allowed by the Court for actual copies made which are necessary to the case. Other actual out-of-pocket expenses which are reasonable and necessary to counsel's carrying out their obligations under the Code and the Bankruptcy Rules will ordinarily be considered by this Court for allowance of reimbursement upon proper documentation.

■ We are aware that only a percentage of Chapter 11 reorganization petitions result in successful reorganizations. In this case, the company has survived in large part because former management stepped in and made the operating changes necessary to save the company. Also, the infusion of capital from that same former management has contributed to the successful reorganization of the Debtor. There is no doubt that Debtor's counsel contributed largely to the success of this reorganization. The Debtor's attorney seeks a premium or lodestar addition on the basis that an excellent result was obtained in this case. Despite the result being successful here, it is also the result Congress contemplated in enacting Chapter 11 of Title 11. In this case, we believe the quality of services was adequately re-

flected in the billing rates sought by Debtor's counsel. Additionally, the attorneys' fees allowed herein for all counsel aggregate in excess of 47 percent (47%) of the Debtor's scheduled assets. The size of the estate is insufficient to support additions beyond the fees allowed. *In re Sapolin Paints, Inc., supra;* 2 *Collier on Bankruptcy* (15th Ed.) para. 330.05[d], and cases cited at pp. 330–31, fn. 28. However, this should not be interpreted as a carte blanche approval of the hourly rates sought herein by Debtor's counsel. Each subsequent case will be determined on its individual merits, applying the tests hereinbefore set forth. *Cle-Ware Industries, Inc., v. Sokolsky,* 493 F.2d at 865 n. 2.; cert. den., 419 U.S. 829, 95 S.Ct. 50, 42 L.Ed.2d 53 (1974).

## CONCLUSION

Debtor's counsel's Final Application for Fees for services rendered shall be approved in the amount of Nine Thousand, Five Hundred Forty-Four & 50/100 Dollars ($9,544.50), together with reimbursement of expenses in the amount of One Hundred Forty-Nine & 56/100 Dollars ($149.56).

An appropriate Order shall issue.