**In re Joseph Lee SLY, Donald G. Sly, Grace E. Sly, Debtors.**

**Bankruptcy Nos. 84–00795, 84–00797.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Oct. 20, 1986.

Charles W. Ewing, Columbus, Ohio, for applicant.

John Hunter, Toledo, Ohio, for debtors.

## MEMORANDUM AND ORDER FIXING ATTORNEYS' FEES AND EXPENSES

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter came on to be heard on September 25, 1986, upon the application of Charles E. Ewing for allowance of compensation for professional services rendered to the Debtors herein in the amount of $8,447.00 and expenses of $585.25. One-half of these amounts is requested in each of the above cases. Upon consideration of the testimony taken at the hearing, and the stipulations and oral arguments of the parties, the court finds that Applicant should be allowed fees in the amount of $6,909.50, less payments received in the amount of $1,400.00, together with reimbursement of expenses in the amount of $585.25. The court also finds that Applicant's request for compensation in defending this matter should be denied.

### FACTS

Applicant, formerly attorney for Debtors, filed his first application for attorneys' fees on December 18, 1985, for services rendered and expenses incurred from April 8, 1984 until August 14, 1985, and his second and final application for attorneys' fees on May 12, 1986 for services rendered through his withdrawal as counsel on March 31, 1986. Debtors' present counsel made several objections to Applicant's statement for services, including that the entries lacked specificity; that the amount

of time charged exceeded the actual time spent; that the services performed were of no benefit to the estate; that the amount of time charged was not justified by the services performed; that the work was caused by the errors of Applicant; that the services were performed as a result of Applicant's lack of knowledge of the bankruptcy rules.

## DISCUSSION

11 U.S.C. § 330 provides in pertinent part that:

> (a) After notice and a hearing ... the court may award ... to the debtor's attorney—
>
> (1) reasonable compensation for actual, necessary services rendered by such ... attorney ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this Title;

See *Matter of Liberal Market, Inc.,* 24 B.R. 653, 9 B.C.D. 1216 (Bkrtcy.S.D.Ohio 1982) (threshold question in fee application should be if services were actually provided and necessary).

Additionally Bankruptcy Rule 2016(a) sets forth the procedure for application for compensation as follows:

> A person seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) services rendered, time expended and expenses incurred ...

In analyzing the attorneys' fees to be awarded, the factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), are relevant:

1. The time and labor required.
2. The novelty and difficulty of the question.
3. The skill requisite to perform legal services properly.
4. The preclusion of other employment by the attorney due to acceptance of the case.
5. The customary fee.
6. Whether the fee is fixed or contingent.
7. Time limitations imposed by the client or the circuits.
8. The amount involved and the results obtained.
9. The experience, reputation, and ability of the attorneys.
10. The "undesirability" of the case.
11. The nature and length of the professional relationship with the client.
12. Awards in similar cases.

These factors have been adopted in other circuits. *See Barber v. Kimbrell's, Inc.,* 577 F.2d 216 (4th Cir.1978), *cert. denied* 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978); *King v. Greenblatt,* 560 F.2d 1024 (1st Cir.1977) *cert. denied* 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978); *Finney v. Hutto,* 548 F.2d 740 (8th Cir.1977) *reh'g denied* 439 U.S. 1122, 99 S.Ct. 1035, 59 L.Ed.2d 83 (1979); *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir.1975), *cert. denied* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976); *In Re Humbert,* 21 B.R. 489 (Bkrtcy.N.D.Ohio 1982). The sixth circuit in *Cle-Ware Industries, Inc. v. Sokolsky,* 493 F.2d 863 (6th Cir.1974), *cert. denied* 419 U.S. 829, 95 S.Ct. 50, 42 L.Ed.2d 53 (1974), set forth ten factors to be considered before awarding attorneys' fees:

1. The amount of work done.
2. The difficulties or intricacies of the problem presented.
3. The skill required and experience of counsel in similar cases.
4. The results accomplished.
5. The amount involved in connection with the services rendered.
6. The size of the estate.
7. The length of time consumed.
8. Contingency or certainty of compensation.
9. The expeditious performance of legal services.
10. The professional quality of the services rendered.

In *Pennsylvania v. Delaware Valley Citizens Counsel for Clean Air,* 478

U.S. ——, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986), the Supreme Court, following earlier decisions, stated that the starting point for the determination of reasonable attorneys' fees is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. In adjusting this amount, the court may consider the factors set forth in *Johnson v. Georgia Highway Express, supra.* However, the Supreme Court noted that these factors are generally subsumed within the initial calculation of hours reasonably expended multiplied by a reasonable hourly rate. *Pennsylvania, supra,* 478 U.S. at ——, 106 S.Ct. at 3098, 92 L.Ed.2d at 456 (citations omitted). Thus, while the *Johnson* factors are relevant in calculating reasonable attorneys' fees, these factors enter the determination in the initial calculation. The court may, then, first calculate the reasonable time expended multiplied by a reasonable hourly rate and, then, within its discretion, independently consider the *Johnson* factors.

In *Matter of Union Cartage Co.,* 56 B.R. 174 (Bkrtcy.N.D.Ohio 1986), the court, following *Matter of First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir.1977), *cert. denied* 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977), set forth a three step process for determining reasonable attorneys' fee. First, the court must ascertain the nature and extent of services supplied and must require applicant to file a statement which recites the number of hours worked and a description of the time. Second, the court must assess the value of the services (expert testimony is unnecessary, but should be accepted if offered). Third, the court must briefly explain its decision. *Id.* 56 B.R. at 177–78. *See also In Re Hudson Shipbuilders, Inc.,* 794 F.2d 1051 (5th Cir.1986).

■ The burden of proof on an application for attorneys' fees is on applicant, requiring him to be both complete and descriptive. *Matter of Union Cartage Co., supra. See also Johnson v. Georgia Highway Express, Inc., supra; Matter of Liberal Market, Inc., supra; Matter of Swartout,* 20 B.R. 102, 9 B.C.D. 313

(Bkrtcy.S.D.Ohio 1982). In the instant situation, then, Applicant must persuade the court that the services and hourly rate are reasonable.

■ One of the objections made by Debtors' counsel is that the amount of time charged for entries dated 4–8–84, 4–12–84, 4–17–84, 5–31–84, and 9–20–84, indicating conferences with clients, exceeds the actual time spent on these services. Applicant's conferences with his clients are, no doubt, necessary services, for which compensation may be awarded under the Bankruptcy Code. However, these entries fail to include a detailed statement of services rendered in accordance with Bankruptcy Rule 2016(a). Additionally, in order for compensation to be awarded, time entries for conferences, at a minimum, should specify what was discussed. *Matter of Baldwin-United Corp.,* 45 B.R. 381 (Bkrtcy.S.D. Ohio 1984). *See also Matter of Vlachos,* 61 B.R. 473 (Bkrtcy.S.D.Ohio 1986) (fee applications which fail to contain this minimum information, will be disallowed); *Matter of Affinito & Sons, Inc.,* 63 B.R. 495 (Bkrtcy.W.D.Pa.1986) (records which give no explanation of the substance of the activities performed are not compensable) (citations omitted).

■ Applying the *Union Cartage Co.* three step analysis to the instant situation, the court must first ascertain the nature and extent of the services rendered. These "conferences with clients" account for $837.50. However, the nature of these services, as previously discussed, is not detailed, either through the statement for services or through the testimony elicited at the hearing. Testimony merely indicated that these "conferences" included follow-up work. The second step of *Union Cartage* requires the court's determination of the value of the services. Pursuant to undisputed expert testimony, the hourly rate charged by Applicant and his firm is reasonable. While Applicant's hourly rate is reasonable, the number of hours expended appears unreasonable and absent detailing what the follow-up work associated with the "conferences with clients" in-

cludes, the court finds that Applicant is not entitled to compensation for these services.

■ A second area of objection concerns time spent by Applicant in arranging a sale of part of Debtor's property. The time entries for these services are 9–20–84, 10–26–84, 10–30–84, 11–6–84, 11–6–84, 11–14–84, 11–14–84, 11–18–84, 12–5–84, 1–21–85, 1–25–85, and 1–25–85, totaling $637.50. The necessity of these services is dubious as the description of services and testimony indicate that Applicant was attempting to abandon real property which was to be sold in accordance with a stipulation entered into with certain secured creditors. Applicant was under the mistaken impression that said property was to be abandoned, even though no such language appeared in this stipulation. The property was subsequently sold through Notice of Intent to Sell, pursuant to 11 U.S.C. § 363, prepared by counsel of one of the secured creditors. As a result of Applicant's misunderstanding, these services were not necessary and of no benefit to the estate. Additionally, a detailed description of these services is lacking. Although the hourly rate is reasonable, because sufficient detail to allow the court to determine the necessity and reasonableness of the hours expended is not provided, the court finds that Applicant is not entitled to compensation for these services.

■ Debtors' counsel also objects to the entry dated 6–1–84, for preparation of filings and travel from Columbus to meet the Debtors at Toledo for signing and filing. The fee charged in connection with these services is $100.00. In *Matter of Union Cartage, supra,* the court noted that non-legal services, such as routine filing of documents, should be compensated at a lesser rate. The statement for services show that the hourly rate for this service was $25.00. Obviously, the compensation sought is lesser than that charged by the attorneys. Meeting with the Debtors for execution of the documents and filing are, obviously, necessary and beneficial to the estate. Because the rate and time expended are reasonable, Applicant is entitled to

the full amount of this fee for these services.

■ Debtors' counsel objects to the entry of 9–4–84, indicating preparation of Memorandum Contra Motion to Dismiss. The fee charged for this pleading is $75.00, for one hour expended. This document was marked and admitted as Exhibit 4. Upon review of Exhibit 4, the fee charged for preparation of this document is not reasonable, due to the length and lack of specificity of the document. Thus, while the nature of the service is necessary and beneficial to the estate, the extent of the service is dubious. Therefore, the court finds that Applicant is entitled to $37.50, as compensation for this service.

■ The last objection made by Debtors' counsel is for the entry dated 10–10–84, for preparation of motion or memorandum, for which a fee of $25.00 is charged. Because Applicant has failed to specify any details regarding this service, the court is unable to assess its value to the estate. Therefore, Applicant will not be compensated for this service.

In light of the foregoing reasons, the court finds that Applicant's application for fees for services rendered to both estates should be approved in the total amount of $6,909.50, less payments received in the amount of $1,400.00, together with reimbursement of expenses in the amount of $585.25. It is therefore,

ORDERED that on or before ten days from the date of this Order the Debtor Joseph Lee Sly pay to Charles E. Ewing the sum of $2,754.75 as compensation for professional services and the sum of $292.62 as and for actual necessary expenses. It is further

ORDERED that on or before ten days from the date of this Order the Debtors Donald G. Sly and Grace E. Sly pay to Charles E. Ewing the sum of $2,754.75 as compensation for professional services and the sum of $292.63 as and for actual necessary expenses. It is further

ORDERED that Applicant's request for compensation in defending this matter be, and it hereby is, denied.