**In re CAR HAULER SPECIALIST, INC. a/k/a d/b/a The CH Company, Debtor.**

**Bankruptcy No. 89–00681.**

United States Bankruptcy Court, N.D. New York.

June 28, 1990.

Byrne, Costello & Pickard, P.C., Syracuse, N.Y., for trustee (Terry R. Pickard, of counsel).

Jeffrey Lee Drimer, Syracuse, N.Y., for debtor.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

The Trustee herein, Terry R. Pickard, Esq. ("Trustee") has filed an Application In Support of Motion For Allowance ·Of Payment Of Interim Compensation And Reimbursement of Expenses of Attorney and Accountant ("Fee Application").

The Fee Application seeks approval of interim compensation to be paid to Byrne, Costello & Pickard, P.C. ("Byrne"), the Trustee's attorneys, in the sum of $4,000.00, plus expenses of $21.55, and interim compensation to R.G. Austin ("Austin"), Trustee's accountant, in the sum of $1,395.00, plus expenses of $8.25.

The Fee Application was duly noticed to creditors and appeared on the Court's April 24, 1990 motion calendar. The only appearances were those entered by the Trustee and Debtor's counsel, both in support of the Fee Application.

At the April 24th hearing the Court requested further information regarding the status of the case, the funds on hand and the estimated time within which the case could be closed.

On April 30, 1990, the Trustee filed an Affidavit ("Trustee's Affidavit") in response to the Court's inquiries and the matter was submitted for decision.

■ A bankruptcy court, even in the absence of opposition, has an independent duty to review all fee requests. *See In re S.T.N. Enterprises, Inc.,* 70 B.R. 823, 831 (Bankr.D.Vt.1987).

Before examining the merits of the Fee Application, the Court notes that the Debtor's petition was filed on April 24, 1989 and Byrne was appointed as Trustee's attorney by Order dated May 1, 1989, while Austin was appointed as Trustee's accountant by Order dated August 17, 1989.

The Trustee's Affidavit recites the fact that he presently has $73,094.09 in unencumbered estate funds on deposit, that he is unaware of any additional priority claims and that he estimates being able to file his final report in approximately six months after collection of three additional accounts receivable of the Debtor for which he recently commenced an adversary proceeding.

The Trustee also notes that he anticipates a further delay of sixty to ninety

days while his final report is reviewed by the Office of the United States Trustee ("UST") and processed by the Clerk of the Bankruptcy Court ("Clerk").

There is no indication in either the Fee Application or the Trustee's Affidavit that absent a present payment of an interim fee either Byrne or Austin will undergo a financial hardship.

While not referred to in the Trustee's papers, interim compensation within a bankruptcy case is specifically authorized by § 331 of the Bankruptcy Code (11 U.S.C. § 1101–1330) ("Code").

Shortly after the enactment of the Code, a bankruptcy court in *Matter of Mansfield Tire & Rubber Co.*, 19 B.R. 125, 127 (Bankr.N.D.Ohio 1981) examined Code § 331 and observed that "the court has rather consistently held that the interim compensation process will be used to relieve the economic burden on counsel only and leave to the conclusion of the proceeding a determination of a final award when all factors may be considered in their proper prospective."

In a contemporary case, the court in *In re Intern. Horizons, Inc.*, 10 B.R. 895 (Bankr.N.D.Ga.1981), observed,

> "However, the Court does not wish to require that the attorneys for the debtor in possession fund this reorganization proceeding. In order to avoid this result, the Court finds that it should award attorneys for the debtors in possession reasonable interim compensation for their services."

2 King, COLLIER ON BANKRUPTCY, (15th ed. 1989) ¶ 331.01 notes:

> "Basically, interim compensation is peculiar to reorganization cases. As the economy precipitated larger and more complex reorganization cases which required longer periods of administration, the need for some method of compensating court appointed fiduciaries and professionals became more pressing. To assure continued performance on the part of such persons, the court developed the concept of partial payments for services already rendered to be considered and awarded at appropriate stages in the administration of the case."

■ While there is no prohibition in the statute against awarding interim compensation in a Chapter 7 context, the facts of the particular case must spell out special circumstances which are generally not present in liquidation cases.

■ A thorough review of both the Trustee's Fee Application and his Affidavit do not provide the Court with any special circumstances requiring interim compensation.

At the time the Trustee's Application was heard, the case was approximately a year old and the Trustee has estimated that an additional six months will be necessary to complete the pending adversary proceeding and file a final report.

If any "special circumstances" can be gleaned from the Trustee's papers it is that the administrative review of the UST and the Clerk will result in a further delay of sixty to ninety days. The Court cannot conclude that such circumstances, which are common to all Chapter 7 cases in this District, warrant a different treatment in this instance.

■ The function of a Chapter 7 trustee is to collect the debtor's non-exempt assets, liquidate them where necessary, and distribute the proceeds to creditors in the most expeditious manner. Having accomplished that result, the Chapter 7 trustee, as well as the professionals who have assisted him, are entitled to be compensated. Until the Chapter 7 case has reached its conclusion, absent special circumstances or undue hardship, neither of which are present here, Code § 331 should not be invoked simply because the funds which the trustee has on hand appear to be sufficient to pay all priority claims in full.

To conclude otherwise will open the door to practices within a Chapter 7 case which are motivated more by the recovery of interim compensation than the expeditious recovery and liquidation of the debtor's assets, the consequent distribution of the proceeds to unsecured creditors and the closing of the case. *See In re Domino*

*Investments, Ltd.,* 82 B.R. 608, 609 (Bankr. S.D.Fla.1988) (interim compensation extends administration of Chapter 7 estate without benefitting creditors).

Accordingly, the Trustee's Application herein is denied.

IT IS SO ORDERED.