65 F.3d 168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re DAVIDSON METALS, INC., Debtor and Debtor-in-Possession.
The SHAREHOLDERS OF DAVIDSON METALS, INC., et al.,
Plaintiff-Appellants,
v.
AMERITRUST COMPANY, NA nka Society National Bank, Defendant-Appellee.
 No. 93-4122.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1995.
 
 Before: KEITH, KENNEDY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Shareholders of Davidson Metals, Inc. ("Davidson Metals") appeal from a September 15, 1993 order of the United States District Court for the Northern District of Ohio affirming the March 22, 1993 order of the United States Bankruptcy Court for the Northern District of Ohio awarding fees and expenses to Ameritrust Company, NA nka Society National Bank ("Society National"). For the reasons set forth below, we AFFIRM.
 
 I. STATEMENT OF THE CASE
 
 2
 On August 23, 1991, Society National filed its first application for allowance and payment of fees and expenses (the "First Application") pursuant to Section 506(b) of Title 11 of the United States Code (the "Bankruptcy Code"). In conjunction therewith, Society National filed a motion to limit service of notice of hearing on the First Application (the "First Limitation Order"). The First Limitation Order stated Society National need only serve a notice of hearing on the First Application upon the debtor, its counsel, the United States trustee and those parties-in-interest in the case who had served on the debtor and filed with the clerk a request that all notices in the case be mailed to them.
 
 
 3
 On September 6, 1991, Society National filed its notice of hearing (the "First Notice") pursuant to the First Limitation Order. On September 19, 1991, the bankruptcy court held a hearing on the allowance of fees and expenses contained in the First Application. On November 18, 1991, the bankruptcy court declined to enter a final order pursuant to the September 19 hearing pending the resolution of a lien priority dispute.
 
 
 4
 On April 2, 1992, Society National filed its Second Application for Allowance and Payment of Section 506(b) Fees and Expenses (the "Second Application"). In connection therewith, Society National filed a Motion to (i) limit service of notice of hearing on the Second Application and (ii) shorten time for hearing thereon, which motion was granted by order of the bankruptcy court on April 6, 1992 (the "Second Limitation Order"). The Second Limitation Order contained terms identical to the First Limitation Order with respect to whom should receive notice. On April 8, 1992, Society National filed another notice of hearing (the "Second Notice") pursuant to the Second Limitation Order. On April 13, 1992, the bankruptcy court held a hearing on the allowance of the fees and expenses contained in the Second Application.
 
 
 5
 On April 21, 1992, the firm of McIntyre, Kahn & Kruse ("McIntyre") filed a notice of appearance and request for notices on behalf of the Appellants.
 
 
 6
 On March 22, 1993, the bankruptcy court entered its Decision. On March 31, 1993, Appellants filed a notice of appeal to the district court. On September 15, 1993, the district court issued its decision affirming the bankruptcy court in all respects. This timely appeal followed.
 
 II. DISCUSSION
 A. Standard of Review
 
 7
 The bankruptcy court makes initial findings of fact and conclusions of law. The district court and this court are bound by the bankruptcy court's findings of fact unless they are clearly erroneous. In Re Batie, 995 F.2d 85, 88 (6th Cir.1993). The district court reviews the bankruptcy court's conclusions of law de novo, and this court reviews the district court's conclusions of law de novo. Id.
 
 
 8
 B. Proper Notice Was Given to the Appropriate Parties
 
 
 9
 Appellants argue because they were actively represented by counsel throughout these proceedings which was known to Society National at the time Society National sought to limit service they were entitled to notice of hearings on the First and Second Applications. Society National submits it followed the rules of the Bankruptcy Code and had no obligation to notice appellants. Society National relied on Bankruptcy Rules 2002(a) and 2002(i).
 
 
 10
 Bankruptcy Rule 2002(a) provides in pertinent part:
 
 
 11
 Except as provided in subdivisions (h), (i) and (l) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees not less than 20 days notice by mail of ... (7) hearings on all applications for compensation or reimbursement of expenses totalling in excess of $500....
 
 
 12
 Bankruptcy Rule 2002(i) provides in pertinent part:
 
 
 13
 Notwithstanding the foregoing subdivisions, the court may order that notices required by subdivision (a)(2), (3) and (7) of this rule be transmitted to the United States trustee and be mailed only to the committees elected pursuant to Sec. 705 or appointed pursuant to Sec. 1102 of the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them....
 
 
 14
 Pursuant to Bankruptcy Rule 2002(i), Society National petitioned the bankruptcy court on two occasions to limit service of the notices regarding the First and Second Applications. The bankruptcy court entered orders in conformity therewith on both occasions. Counsel for appellants failed to enter a notice of appearance until after hearings on the Second Application, consequently the service of notice properly excluded appellants.
 
 
 15
 C. The Bankruptcy Court Held Proper Hearings Regarding the
 
 
 16
 First and Second Applications.
 
 
 17
 Appellants argue the hearings conducted in connection with Society National's application for Sec. 506(b) fees were improper. The impropriety alleged by appellants' is there was no formal hearing and no opportunity to cross-examine in accordance with the Federal Rules of Evidence. Appellants' argument is not supported by any language in the Bankruptcy Code. Nowhere in the Bankruptcy Code is there a requirement for a full evidentiary hearing to allow a Sec. 506(b) claim.
 
 
 18
 The bankruptcy court has a duty to determine the reasonableness of attorneys fees and expenses. See In re Union Cartage Co., 56 B.R. 174 (Bankr.N.D.Ohio 1986). In determining the fees, the bankruptcy court must follow a three-step process. First, the court must determine the nature and extent of the services supplied and obtain a statement from each attorney seeking compensation which includes the number of hours worked and a description of how the hours were spent. Id. at 177-78. If the fees are in dispute, the bankruptcy court should hold a hearing, as was done in the instant case. Id. Second, based on the evidence received, the court must then determine the value of the services. Id. Third, the court must provide an explanation of its findings. Id.
 
 
 19
 The Appellant cannot point this court to a provision in the Bankruptcy Code which requires a formal hearing. The bankruptcy court need only assess the value of services and determine whether a fee award is applicable. In the instant case, the district court pointed out that the bankruptcy court questioned counsel and made a factual finding as to the value of the fees to be awarded.
 
 
 20
 After a thorough review of the record and consideration of issues presented in the briefs and at oral argument, we find no error warranting reversal.
 
 III. CONCLUSION
 
 21
 For the foregoing reasons, this court AFFIRMS the decision of the Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio.