**In re Frederick Leroy BORER, Mary Alice Borer, dba Borer Farms, Debtors.**

**Bankruptcy No. 84–00471.**

United States Bankruptcy Court, N.D. Ohio, W.D.

March 4, 1987.

Charles W. Ewing, Columbus, Ohio, for movant.

Thomas Michalski, Toledo, Ohio, for trustee.

Kevin J. Kort, Baldwin, Mich., Kevin J. Kort, Traverse City, Mich., for debtors.

## ORDER DENYING MOTION TO REOPEN CASE

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon movant Charles W. Ewing's motion to reopen Debtors' chapter 7 case. Upon consideration thereof, the court finds that movant's motion is not well taken and should be denied.

### FACTS

Debtors filed their petition in bankruptcy on March 26, 1984. Movant was, at that time, attorney for Debtors. Movant subsequently withdrew as counsel for Debtors on September 7, 1984. Debtors' new counsel is listed as co-counsel on Debtors' petition and entered an appearance as co-counsel on May 29, 1984.

Although movant submitted an application for attorney's fees on May 16, 1985, he received no monies. Debtors' estate was administered and, after a hearing on the trustee's final account, their case closed on January 31, 1986.

Movant, on December 19, 1986, filed the instant motion claiming that Debtors paid their new counsel without court approval and without paying movant's attorney's fees. Movant requests reopening of Debtors' case to permit the trustee to recover the payment to Debtors' new counsel and to permit payment to movant for his attorney's fees.

### DISCUSSION

11 U.S.C. § 350(b) provides:

A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

██ Movant's first assertion concerns Debtors' new counsel's receipt of monies without court approval. The court, through the exercise of its equitable powers may approve compensation to an attorney who had not received court approval prior to rendering services. *Matter of Vlachos*, 61 B.R. 473 (Bkrtcy.S.D.Ohio 1986). In support of its holding, the court cited the fifth circuit:

> We only hold that, where through oversight the attorney has continued to perform services for debtor (many of them as here under the eye of the court itself), the bankruptcy court retains equitable power in the exercise of its sound discretion ... to award proper compensation for ... services ... that have subsequently benefited debtor's estate and consequently its creditors.

*Id.* at 478 (citing *Fanelli v. Hensley*, 697 F.2d 1280, 1289 (5th Cir.1983)).

In the instant situation, Debtors' new counsel performed beneficial services to Debtors, under the eye of this court. He appeared on behalf of Debtors in matters before this court during the pendency of their case. No objections to these appearances were filed with the court. Furthermore, no objections to Debtors' new counsel's disclosure of fees were filed. In light of the absence of any objections, this court did, in the exercise of its equitable power, permit compensation to Debtors' new counsel.

██ In light of movant's failure to object to Debtors' new counsel's fees, movant is now held to be guilty of laches.

> The elements of the equitable defense of laches are (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.

*Costello v. United States*, 365 U.S. 265, 282, 81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961). *See also Matter of Pagan*, 59 B.R. 394 (D. Puerto Rico 1986) (equity assists the vigilant and diligent, not those that sleep on

their rights); *In re North Duke Ltd. Partnership*, 57 B.R. 412 (Bkrtcy.D.D.C.1984) (right to reopen and reinstate a bankruptcy case exists where there is a seasonable and diligent application, good cause, and the absence of intervening rights which would make it inequitable and unjust to disturb the case). Furthermore, although a motion to reopen is not governed by the one year limitation set forth in Bankruptcy Rule 9024, it is necessary that such a motion be brought without unnecessary delay. *Id. See also V.I. Bur. of Internal Rev. v. St. Croix Hotel Corp.*, 60 B.R. 412, 14 C.B. C.2d 1098 (Virgin Islands 1986) (motion must be within reasonable time).

Movant withdrew as attorney for Debtor on September 7, 1984. It was not until May 16, 1985, eight months later, that he filed his application for attorney's fees. A hearing on the trustee's final account was held on January 31, 1986. Movant again failed to object or to pursue payment for his fees. Movant advances no excuse for his delay in asserting this claim.

Debtors' new counsel filed his disclosure of fees on May 29, 1984, showing that he had received a payment in the amount of $12,000. It is this amount that movant requests the trustee to recover if this case is reopened. Movant indicates that he informed the former trustee of this fact through letter dated April 24, 1986. Motion to Reopen Chapter 7 Case at 2. However, movant failed to institute formal action or, after filing his application for attorney's fees, request a court order directing Debtors to pay movant's fees. Movant failed to object or otherwise respond until the instant motion. The court record evidences a lack of diligence by movant in seeking payment of his fees.

If the case were reopened, the chance of substantial recovery is remote. It would be necessary to appoint a trustee. Movant would then have this court compel the trustee to recover the monies paid to Debtors' new counsel. Such action would be both costly and time consuming, and of little benefit to the estate. Thus, the court will not grant a motion to reopen when no clear benefit is shown to creditors. *In re*

*Brooks*, 200 F.Supp. 497 (N.D.Ohio 1962). Therefore, the court's discretion must be exercised, denying movant's motion. *See In re Haker*, 411 F.2d 568 (5th Cir.1969).

Finally, it is noted that the granting of a motion to reopen is within the sound discretion of the court. *North Duke, supra.* Such a motion should be granted only where a compelling reason for reopening the case is demonstrated. *St. Croix Hotel, supra. See also Hawkins v. Landmark Finance Co.*, 727 F.2d 324 (4th Cir.1984); *Matter of Pagan, supra.* That is, a case should not be reopened to relieve a party of its own neglect or mistake.

Movant advances no explanation for his failure to act. Movant could have filed his application for compensation immediately following his withdrawal. Alternatively, movant could have objected to the trustee's final account or to Debtors' new counsel's disclosure of fees. Instead, movant failed to object or otherwise respond. This unexplained failure to object supports the court's finding that movant is now barred by laches.

In light of the foregoing, it is therefore

ORDERED that movant's motion to reopen Debtors' chapter 7 case be, and it hereby is, denied.