# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 09-6073
_____

In re:                                          *
                                                *
Skyline Woods Country Club, LLC,                *
                                                *
        Debtor.                                 *
                                                *
Mid-City Bank, a Nebraska Banking               *
Corporation; Liberty Building Corp.,            *
a Nebraska Corporation; David                   *
Broekemeier; and Robin Broekemeier,             *
                                                *   Appeal from the United States
        Movants - Appellants,                   *   Bankruptcy Court for the District of
                                                *   Nebraska
                v.                              *
                                                *
Skyline Woods Homeowners Assoc.                 *
and Skyline Woods Revitalization, LLC,          *
                                                *
        Objectors - Appellees.                  *

_____

Submitted: May 28, 2010
Filed: June 17, 2010

_____

Before KRESSEL, Chief Judge, FEDERMAN and VENTERS, Bankruptcy Judges.

_____

VENTERS, Bankruptcy Judge.

This is an appeal of the bankruptcy court's order denying the Appellants' motion to reopen the Debtor's bankruptcy case. For the reasons stated below, we affirm the decision of the bankruptcy court.[1]

## I. STANDARD OF REVIEW

A bankruptcy court's decision whether to reopen a bankruptcy case is reviewed for an abuse of discretion.[2] A court abuses its discretion "when its ruling is founded on an error of law or a misapplication of law to the facts."[3] In its application, the abuse of discretion standard is nearly indistinguishable from the clearly erroneous standard.[4]

## II. BACKGROUND

The Debtor, Skyline Woods Country Club, LLC, filed a Chapter 11 bankruptcy petition on December 15, 2004. On or about February 4, 2005, the Debtor sold substantially all of its assets, including a portion of a golf course, to Appellants David and Robin Broekemeier, who took title to the property in the name of Liberty Building Corp. ("Liberty"). Appellant Mid-City Bank ("Mid-City") financed the Broekemeiers' purchase of the Debtor's assets. On February 9, 2005, the bankruptcy court entered an order ("Sale Order") approving the sale "free and clear of claims, liens, and encumbrances." The Debtor's bankruptcy case was closed on January 31, 2006.

---

[1] The Honorable Timothy J. Mahoney, United States Bankruptcy Judge for the District of Nebraska.

[2] *In re Pennino*, 299 B.R. 536, 538 (B.A.P. 8th Cir. 2003).

[3] *First Nat'l Bank of Olathe, Kansas v. Pontow* (*In re Pontow*), 111 F.3d 604, 609 (8th Cir. 1997).

[4] *Gourley v. Usery* (*In re Usery*), 242 B.R. 450, 457 (B.A.P. 8th Cir. 1999).

The Broekemeiers decided to not reopen the golf course. On April 25, 2006, approximately one month after learning of this decision, Skyline Woods Homeowners Association and individual homeowners (collectively, the "Homeowners") filed suit against Liberty and David and Robin Broekemeier in the District Court for Douglas County, Nebraska, asking the court to enforce certain restrictive covenants requiring that the property be used only as a golf course. Paisley, LLC, now known as Skyline Woods Revitalization, LLC, filed a separate suit for the same purpose.

On June 9, 2006, Liberty filed a pleading entitled, "Motion for Enforcement of the Bankruptcy Court's February 9, 2005 Order, Including Request for Injunctive Relief," in the Debtor's closed bankruptcy case. The motion alleged that the state-court lawsuits violated the February 9, 2005 Sale Order and sought an injunction to prevent those lawsuits from proceeding. The bankruptcy court notified Liberty on June 12, 2006, that its motion would not be heard unless it moved the court to reopen the case and paid the necessary filing fee. The court struck Liberty's motion from the record. Neither Liberty nor the Broekemeiers took any further action in the bankruptcy case at that time.

On March 28, 2007, the state court granted the Homeowners' motion for summary judgment, finding that the restrictive covenants requiring the operation of a golf course run with the land and are enforceable against Liberty. The state court specifically held that the bankruptcy court order confirming the sale did not eliminate the restrictive covenants. On August 9, 2007, the state court issued an order clarifying the order on summary judgment and specifying with more particularity the requirements to maintain the golf course property in the manner required by the covenants. Liberty appealed the trial court's order to the Nebraska Supreme Court. On December 5, 2008, the Nebraska Supreme Court affirmed the trial court's order and held that the restrictive covenants are in effect and enforceable.

Shortly thereafter, Liberty defaulted on its loan to Mid-City, and on December 24, 2008, Mid-City recorded with the recorder of deeds a Notice of Default and Election to Sell the property.

On September 25, 2009, the Broekemeiers and Liberty, joined by Mid-City, filed a motion to reopen the Debtor's bankruptcy case for the explicit purpose of initiating an adversary proceeding to "enforce" the bankruptcy court's February 9, 2005 Sale Order. The complaint attached to the motion sought, *inter alia*, an injunction enjoining the homeowners from "enforcing the decisions of the Nebraska Supreme Court or any Orders arising there from (sic) . . . [and] [d]eclaring that the Nebraska State Court's Orders that purport to modify or otherwise alter this Court's February 9, 2005 Order are void for lack of subject matter jurisdiction."

After notice and a hearing, the bankruptcy court denied the Broekemeiers' and Mid-City's motion to reopen the Debtor's bankruptcy case. This appeal ensued.

## III.  DISCUSSION

Section 350(b) of the Bankruptcy Code governs the reopening of bankruptcy cases. It provides: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."[5] The decision to grant or deny a request under § 350(b) to reopen a bankruptcy case is committed to the broad discretion of the bankruptcy court.[6] A motion to reopen a bankruptcy case should be granted "only where a compelling reason for reopening the case is demonstrated."[7] And "[t]he longer the time between the closing of the estate and the motion to reopen the more compelling the reason for reopening the estate

---

[5] 11 U.S.C. § 350(b) (West 2010).

[6] *In re Apex Oil Co., Inc.*, 406 F.3d 538, 542 (8th Cir. 2005).

[7] *See In re Borer*, 73 B.R. 29, 31 (Bankr. N.D. Ohio 1987)

should be."[8]   The availability of relief in an alternative forum is a permissible factor on which to base a decision not to reopen a closed bankruptcy case.[9]  "[A] case should not be reopened to relieve a party of its own neglect or mistake."[10]

The bankruptcy court denied the Appellants' motion to reopen the Debtor's bankruptcy case based on a determination that the dispute the Appellants sought to adjudicate if the case was reopened – *i.e.*, whether the Sale Order eliminated the covenants purportedly requiring the operation of a golf course on the property – had already been decided by the Nebraska Supreme Court, which the bankruptcy court determined had concurrent jurisdiction to interpret the Sale Order.  Citing *In re Apex Oil Co., Inc.,* for the above-stated proposition that the availability of relief in an alternative forum is a permissible factor on which to base a decision not to reopen a bankruptcy case, the bankruptcy court declined to give the Appellants a "second bite at the apple" in the bankruptcy court after they had chosen an alternative forum for their dispute.

We find no error in the bankruptcy court's findings or conclusions.

## A.    The Nebraska Supreme Court had concurrent jurisdiction to interpret the Sale Order.

Federal courts' jurisdiction over bankruptcy cases is governed by 28 U.S.C. § 1334.   Section 1334(a) provides that the district court (and by delegation, the bankruptcy court)[11]has original and exclusive jurisdiction of "all cases under title 11;"

---

[8] *In re Apex Oil Co., Inc.*, 406 F.3d at 543 (quotations omitted).

[9] *Id*. at 542.

[10] *In re Borer*, 73 B.R. at 31.

[11] 28 U.S.C. 157.

Section 1334(b) confers original but not exclusive jurisdiction on all civil proceedings "arising under title 11, or arising in or related to cases under title 11;" and Section 1334(e) confers exclusive jurisdiction over all the property of the debtor as of the commencement of the case, and of property of the estate.[12]

The Appellants argue that under § 1334(e) the bankruptcy court has exclusive jurisdiction to interpret the Sale Order because it involves property of the estate and the bankruptcy court had the exclusive jurisdiction to enter the order. The Appellants are correct that the bankruptcy court had the exclusive jurisdiction to enter the Sale Order, and if the Appellants had timely sought to appeal or modify the Sale Order, that action would also have been within the exclusive jurisdiction of the bankruptcy court under § 1334(e). However, the Appellants are mistaken in their argument that the bankruptcy court has exclusive jurisdiction to interpret the Sale Order. At this juncture, the Sale Order is final, and the property sold to the Broekemeiers/Liberty is no longer property of the estate. Moreover, despite the Appellants' framing of the issue in terms of whether the Nebraska Supreme Court had the jurisdiction to "modify" the Sale Order, there has been no modification of that order. The Nebraska Supreme Court simply interpreted the scope of the Sale Order as it applies to implied covenants running with the land. The fact that the Appellants disagree with the court's interpretation does not, in and of itself, transform the *interpretation* into a *modification* of the Sale Order.

In short, § 1334(e) does not limit jurisdiction to interpret the Sale Order exclusively to the bankruptcy court.

Perhaps the strongest basis for the bankruptcy court's jurisdiction over this dispute is its implicit authority and jurisdiction to interpret or enforce its own prior

---

[12] Section § 1334(c) governs abstention; it is not a grant of jurisdiction.

orders,[13] but that jurisdiction is not exclusive, even with regard to the interpretation of orders approving sales of estate property.[14]

Matters not committed to the exclusive jurisdiction of the federal courts are subject to the concurrent jurisdiction of state courts.[15] Therefore, the Nebraska State courts had jurisdiction to interpret the Sale Order, and the bankruptcy court was therefore correct in its conclusion that alternate relief was available to the Appellants and within its discretion to deny the Appellants' motion to reopen the Debtor's bankruptcy case.

**B.** ***Res judicata* warranted a denial of the Appellants' motion to reopen the case.**[16]

The bankruptcy court's decision can also be affirmed on the basis that reopening the case would have been futile and a waste of judicial resources,[17] because

---

[13] *In re Eveleth Mines, L.L.C.*, 318 B.R. 682, 687 (B.A.P. 8th Cir. 2004) (citations omitted).

[14] *Id*. at 690-92 (holding that state court had jurisdiction to interpret "free and clear" language in sale order as it applied to state taxes and directing bankruptcy court to abstain in favor of state court). *See also, In re Middlesex Power Equip. & Marine, Inc.*, 292 F.2d 61, 66 (1st Cir. 2002) (finding that state court had concurrent jurisdiction to interpret "free and clear" language in sale order as it applied to state taxes and abstaining in favor of state court).

[15] *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477, 101 S.Ct. 2870, 2785, 69 L.Ed.2d 784 (1981).

[16] We may affirm the bankruptcy court's order on any basis supported by the record, even if that ground was not considered by the trial court. *Power Equip. Co. v. Case Credit Corp*. (*In re Power Equip. Co.*), 309 B.R. 552, 559 (B.A.P. 8th Cir. 2004).

[17] *See In re Carberry*, 186 B.R. 401, 402 (Bankr. E.D. Va. 1995).

the doctrine of *res judicata* precludes review of the Nebraska Supreme Court judgment, which is exactly the relief the Appellants sought.

The doctrine of *res judicata* prohibits the re-litigation of claims where: 1) a court of competent jurisdiction rendered the prior judgment, 2) the prior judgment was final and on the merits, 3) both suits involve the same parties (or those in privity with them), and 4) both suits are based upon the same claims or causes of action.[18]  The party against whom *res judicata* is asserted must also have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect.[19]  The preclusive effect of *res judicata* includes not only claims and defenses that were offered and received in the first action, but matters which might have been decided.[20]  The Nebraska Supreme Court judgment, as well as the trial court's judgment, satisfies all of these elements.

First, the litigation between the Broekemeiers and the Homeowners resulted in a final judgment on the merits.  The trial court entered a summary judgment against the Broekemeiers on March 26, 2007, holding that the restrictive covenants on the property are enforceable and run with the land, and that the bankruptcy Sale Order did not eliminate restrictive covenants.  The Nebraska Supreme Court affirmed the trial court's decision on December 5, 2008.  Both of those decisions are final and not appealable.

Second, as discussed above, the Nebraska State courts had jurisdiction to interpret whether the bankruptcy court's Sale Order eliminated the restrictive covenants.

---

[18] *See Rutherford v. Kessel*, 560 F.3d 874, 877 (8th Cir. 2009).

[19] *Id.*

[20] *See Nevada v. United States*, 463 U.S. 110, 129-30, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983)

8

Third, the state court litigation involved the same parties because Mid-City is in privity with Liberty. In the Eighth Circuit,"[p]rivity denotes mutual or successive relationship to the same right of property."[21] A privy is "a person so identified in interest with another that he represents the same legal right."[22] Mid-City's interest in this lawsuit derives from its security interest in Liberty's property. If Mid-City forecloses that interest, which it has announced it intends to do, it would be a direct successor to Liberty's interests in the property. Thus, Mid-City is in privity with Liberty for the purpose of applying the doctrine of *res judicata* to the state court judgments at issue in this case.[23]

---

[21] *In re Marlar*, 267 F.3d 749 (8th Cir. 2001)

[22] *Id.*

[23] At the Court's request, the parties briefed the issue of whether the *Rooker-Feldman* doctrine should be applied in this case. Quite clearly, that doctrine applies to the Broekemeiers and Liberty. However, in contrast to the doctrine of *res judicata,* the *Rooker-Feldman* doctrine does not apply to those in privity with the original litigants.

> Whatever the impact of privity principles on preclusion rules, Rooker-Feldman is not simply preclusion by another name. The doctrine applies only in "limited circumstances," *Exxon Mobil*, supra, at 291, 125 S.Ct. 1517, where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court. The *Rooker-Feldman* doctrine does not bar actions by nonparties to the earlier state-court judgment simply because, for purposes of preclusion law, they could be considered in privity with a party to the judgment.

*Lance v. Dennis*, 546 U.S. 459, 466, 126 S.Ct. 1198, 1202, 163 L.Ed.2d 1059 (2006).

Mid-City's participation in the lawsuit contemplated in the Appellants' motion to reopen thus precludes the application of the *Rooker-Feldman* doctrine. We decline to address the issue of laches for the same reason. Evidence of collusion might dictate a different conclusion, but we have no evidence of collusion here.

Fourth, the central issue the Appellants sought to litigate in the bankruptcy court was the same as they litigated in the state court action – *i.e.*, whether the Sale Order eliminated the implied restrictive covenants requiring the operation of a golf course on part of Liberty's land.

Fifth, the Appellants – directly or through privity – had a full and fair opportunity to litigate those issues before the state courts. At least, no allegation to the contrary has been made.

Therefore, the judgments entered by the Nebraska trial court and the Nebraska Supreme Court are entitled to preclusive effect under the doctrine of *res judicata*. Reopening the bankruptcy case to re-litigate the issues decided in those judgments would have been futile. Thus, the bankruptcy court properly exercised its discretion in refusing to reopen the Debtor's bankruptcy case.

## IV. CONCLUSION

For the reasons stated above, the bankruptcy court's order denying the Appellants' motion to reopen the case is affirmed.

-----