# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 10-6060

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Robert Miell, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Gary L. Holsinger; Sherry Holsinger, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Plaintiffs-Appellants, | * | Northern District of Iowa |
| | * | |
| v. | * | |
| | * | |
| Renee K. Hanrahan; Heritage Bank, | * | |
| | * | |
| Defendants-Appellees. | * | |

Submitted: November 8, 2010
Filed: December 9, 2010

Before KRESSEL, Chief Judge, SALADINO, and NAIL, Bankruptcy Judges.

NAIL, Bankruptcy Judge.

Gary L. Holsinger and Sherry Holsinger appeal the July 9, 2010 judgment of the bankruptcy court[1] dismissing their complaint against Renee K. Hanrahan and Heritage Bank.  We affirm.

## BACKGROUND

Robert Miell filed a petition for relief under chapter 11 of the bankruptcy code. The bankruptcy court converted the case to chapter 7, and the United States Trustee appointed Hanrahan to serve as the chapter 7 trustee.

Hanrahan filed a motion to sell several parcels of real estate, free and clear of all liens, encumbrances, claims, and other interests, to Heritage Bank.  The Holsingers held junior liens against two of the parcels.  Hanrahan gave written notice of her motion to all creditors and other parties in interest, including the Holsingers.  Debtor filed the only objections to Hanrahan's motion.  The bankruptcy court overruled Debtor's objections and entered an order authorizing Hanrahan's proposed sale.  No one appealed the bankruptcy court's order, and the sale was consummated.

In their adversary complaint, as amended, the Holsingers challenged the sufficiency of Hanrahan's notice of her proposed sale and sought a determination that their liens were unaffected by the sale or a declaration that their liens attached to the proceeds from the sale.  Heritage Bank filed a motion to dismiss the Holsingers' complaint for failure to state a claim upon which relief could be granted.  The bankruptcy court granted Heritage Bank's motion, and the Holsingers timely appealed.

---

[1] The Honorable Paul J. Kilburg, United States Bankruptcy Judge for the Northern District of Iowa.

## STANDARD OF REVIEW

We review *de novo* a dismissal for failure to state a claim. *McAdams v. McCord*, 584 F.3d 1111, 1113 (8th Cir. 2009) (citations therein). "We may affirm the bankruptcy court's order on any basis supported by the record, even if that ground was not considered by the trial court." *Mid-City Bank v. Skyline Woods Homeowners Assoc.* (*In re Skyline Woods Country Club, LLC*), 431 B.R. 830, 836 n.16 (B.A.P. 8th Cir. 2010) (citation therein).

## DISCUSSION

An adversary complaint must include "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief[.]" Fed.R.Civ.P. 8(a)(2).[2]

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal citations and quotation marks omitted).

---

[2] Rule 8 applies in adversary proceedings. Fed.R.Bankr.P. 7008(a).

In reviewing *de novo* the dismissal of the Holsingers' complaint for failure to state a claim, "we accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citations therein). However, we need not accept as true any legal conclusions contained in the complaint. *Ashcroft*, 129 S.Ct. at 1949.

The Holsingers argue Heritage Bank was not a good faith purchaser and was thus not entitled to the protection afforded such a purchaser by 11 U.S.C. § 363(m). That section provides:

> The reversal or modification *on appeal* of an authorization . . . of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m) (emphasis added). As noted above, no one appealed the bankruptcy court's order authorizing Hanrahan's proposed sale. Because that order has not been reversed or modified on appeal, § 363(m) is inapposite and provides no basis for granting the Holsingers any relief.

The Holsingers' complaint must instead be considered in the context of Federal Rule of Civil Procedure 60(b).[3]

> Once a sale of assets has been approved by a final order of the bankruptcy court, it is a judgment that is good as against the world, not merely as against parties to the

---

[3] Rule 60(b) applies in bankruptcy cases. Fed.R.Bankr.P. 9024.

proceeding. Under this standard, property rights acquired at a foreclosure sale cannot be challenged unless the procedural rules allow for a collateral attack. Thus, if the trustee discovers that the order permitting a foreclosure sale has been obtained wrongfully, Rule 60(b) governs his ability to obtain relief from the otherwise final judgment.

*Lange v. Schropp* (*In re Brook Valley VII, Joint Venture*), 496 F.3d 892, 899 (8th Cir. 2007) (internal citations and quotation marks omitted).

Pursuant to Rule 60(b), a court may relieve a party from a final judgment, order, or proceeding for several reasons. Only one of those reasons – if the judgment from which relief is sought is void – is implicated by the Holsingers' complaint.

> Ordinarily, the finality of a Bankruptcy Court's orders following the conclusion of direct review would stand in the way of challenging their enforceability. Rule 60(b), however, provides an exception to finality that allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances. Specifically, Rule 60(b)(4) . . . authorizes the court to relieve a party from a final judgment if the judgment is void.
>
> A void judgment is a legal nullity. Although the term void describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule.
>
> A judgment is not void, for example, simply because it is or may have been erroneous. Similarly, a motion under Rule

60(b)(4) is not a substitute for a timely appeal. Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.

*United Student Aid Funds, Inc. v. Espinosa*, ___ U.S. ___, ___, 130 S.Ct. 1367, 1376-77, 176 L.Ed.2d 158 (2010) (internal brackets, citations, footnote, and quotation marks omitted).

In their complaint, the Holsingers contend they were denied due process because Hanrahan's *motion* to sell the real estate did not specifically identify them as secured creditors or specifically describe their liens. We disagree.

An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is *notice* reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied.

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-315 (1950) (internal citations omitted) (emphasis added).

The notice of a proposed sale of property need only include "the time and place of any public sale, the terms and conditions of any private sale and the time fixed for filing objections. The notice of a proposed . . . sale . . . of property, including real estate, is sufficient if it generally describes the property." Fed.R.Bankr.P. 2002(c)(1).

-6-

Hanrahan's notice of her proposed sale was captioned "NOTICE OF MOTION TO SELL REAL ESTATE FREE AND CLEAR OF *ALL* LIENS AND ENCUMBRANCES . . ." and set forth in the opening paragraph her proposal to sell the listed parcels "free and clear of *all* liens and encumbrances" (emphasis added). Her notice went on to tell interested parties how to obtain a copy of Hanrahan's motion, the deadline for filing an objection to her motion, the deadline for submitting a competing bid for the real estate, and when and where a hearing would be held to consider any objections to her motion and any competing bids for the real estate. Hanrahan's notice complied with Federal Rule of Bankruptcy Procedure 2002(c)(1) and was sufficient to apprise everyone who received it of the pendency of Hanrahan's motion to sell free and clear of *all* liens and encumbrances – which would necessarily include the Holsingers' liens – and to afford them an opportunity to object to Hanrahan's proposed sale.

The Holsingers do not deny having received a copy of Hanrahan's notice of her proposed sale. Under the circumstances, they cannot be said to have been denied due process. *Espinosa*, 130 S.Ct. at 1378 (a creditor's receipt of actual notice of the filing and contents of the debtor's plan "more than satisfied" the creditor's due process rights); *Nunley v. U.S. Dep't of Justice*, 425 F.3d 1132, 1139 (8th Cir. 2005) ("[A] person cannot complain about the constitutionality of the method used to provide notice when he or she has received actual notice (assuming it is timely), for he or she has suffered no harm.").

The Holsingers also contend Hanrahan should have served a copy of her motion to sell the real estate on them. We agree. "A motion for authority to sell property free and clear of liens or other interests . . . shall be served on the parties who have liens or other interests in the property to be sold." Fed.R.Bankr.P. 6004(c).

Hanrahan's failure to serve the Holsingers with a copy of her motion clearly deprived the Holsingers of a right granted by a procedural rule. However, this does

not amount to a violation of their right to due process. *Espinosa*, 130 S.Ct. at 1378. Upon their receipt of Hanrahan's notice of her proposed sale, the Holsingers could have objected to Hanrahan's failure to fully comply with Rule 6004(c) and to the form and content of her motion. *See, e.g., In re Takeout Taxi Holdings, Inc.*, 307 B.R. 525 (Bankr. E.D. Va. 2004) (cited by the Holsingers in their reply brief). They may not do so now.

> Rule 60(b)(4) does not provide a license for litigants to sleep on their rights. [Creditor] had actual notice of the filing of [Debtor]'s plan, its contents, and the Bankruptcy Court's subsequent confirmation of the plan. . . . [Creditor] therefore forfeited its arguments regarding the validity of service or the adequacy of the Bankruptcy Court's procedures by failing to raise a timely objection in that court.
>
> Rule 60(b)(4) strikes a balance between the need for finality of judgments and the importance of ensuring that litigants have a full and fair opportunity to litigate a dispute. Where, as here, a party is notified of a plan's contents and fails to object to confirmation of the plan before the time for appeal expires, that party has been afforded a full and fair opportunity to litigate, and the party's failure to avail itself of that opportunity will not justify Rule 60(b)(4) relief.

*Espinosa,* 130 S.Ct. at 1380 (internal citation omitted). Like the creditor in *Espinosa*, the Holsingers were afforded a full and fair opportunity to litigate, and like the creditor in *Espinosa*, their failure to avail themselves of that opportunity does not justify Rule 60(b)(4) relief.

CONCLUSION

The bankruptcy court's order authorizing Hanrahan's proposed sale is final, and the Holsingers are bound by it. Their complaint, which seeks to relieve them from the consequences of that order, fails to state a claim upon which such relief can be granted. For that reason, we affirm the bankruptcy court's order dismissing the Holsingers' complaint against Hanrahan and Heritage Bank.

---